UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
TEYO JOHNSON,

                Plaintiff,

   -against-                               Case No. 1:22-cv-06669(PAE)(GWG)

EVERYREALM INC., COMPOUND ASSET
MANAGEMENT LLC, REALM METAVERSE    **DECLARATION OF**
REAL ESTATE INC., REPUBLIC, REPUBLIC    **LLOYD B. CHINN**
CRYPTO LLC, REPUBLIC REALM MANAGER
LLC, REPUBLIC REALM INC., REPUBLIC
OPERATIONS LLC, OPENDEAL INC.,
OPENDEAL PORTAL LLC, JULIA SCHWARTZ
in her individual and professional capacities, and
JANINE YORIO in her individual and professional
capacities.

                Defendants.
------------------------------------- X

       I, LLOYD B. CHINN, pursuant to 28 U.S.C. § 1746, affirm as follows:

       1.     I am a Partner with Proskauer Rose, LLP, attorneys for Defendants Everyrealm Inc. (f/k/a Republic Realm Inc.), Julia Schwartz, and Janine Yorio (collectively "the Everyrealm Defendants"). I am fully familiar with the facts and circumstances recited herein.

       2.     I submit this Declaration in support of the Everyrealm Defendants' Motion to Compel Arbitration in this case.

       3.     On July 22, 2022, I transmitted a letter to Plaintiff's Counsel, attaching Plaintiff's Employment Agreement and reminding both him and his counsel that Plaintiff was bound by the arbitration provision contained therein to bring any and all causes of action, to the extent permitted by law, in binding arbitration before the American Arbitration Association ("AAA").

4. A true and correct copy of my July 22, 2022 Letter and Plaintiff's attached Employment Agreement is attached hereto as Exhibit A.

5. Approximately two weeks later, on August 5, 2022, Plaintiff filed his Complaint in this Court.

6. Moreover, Plaintiff's counsel initially ignored, and ultimately refused, Everyrealm's third-party investigator's request to interview Plaintiff regarding his claims of discrimination, harassment, and retaliation.

7. Everyrealm employed Plaintiff as the Director of Strategic Partnerships, and Plaintiff pled he is a "shrewd and intelligent businessman" [See doc. 1 at ¶ 33]; therefore, he presumably understands the meaning and implications of an arbitration agreement, and has pleaded no reasonable or good faith arguments for invalidation.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury the foregoing is true and correct.

Dated: August 19, 2022                    /s/ Lloyd B. Chinn
                                          Lloyd B. Chinn