UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TEYO JOHNSON,

                              Plaintiff,

              -against-

EVERYREALM INC., COMPOUND ASSET
MANAGEMENT LLC, REALM METAVERSE
REAL ESTATE INC., REPUBLIC, REPUBLIC
CRYPTO LLC, REPUBLIC REALM MANAGER
LLC, REPUBLIC REALM INC., REPUBLIC
OPERATIONS LLC, OPENDEAL INC.,
OPENDEAL PORTAL LLC, JULIA SCHWARTZ
in her individual and professional capacities, and
JANINE YORIO in her individual and professional
capacities.

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 1:22-cv-06669(PAE)(GWG)

**ORAL ARGUMENT REQUESTED**

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS EVERYREALM INC. (f/k/a REPUBLIC REALM INC.), JULIA SCHWARTZ, AND JANINE YORIO'S MOTION TO COMPEL ARBITRATION

PROSKAUER ROSE LLP

Lloyd B. Chinn, Esq.
Eleven Times Square
New York, NY 10036
(212) 969-3000
(212) 969-2900 (Fax)
lchinn@proskauer.com
*Attorneys for Everyrealm Inc.*
*(f/k/a Republic Realm Inc.), Julia*
*Schwartz, and Janine Yorio*

## <u>**TABLE OF CONTENTS**</u>

**Page**

TABLE OF AUTHORITIES.................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

    I.      The Arbitration Agreement Covers Employment Claims.................................................. 2

    II.     The EFASASH Act Only Prohibits Arbitration of Sexual Harassment Claims Proceeding March 3, 2022. ............................................................................................. 4

    III.   The Everyrealm Defendants Have Not Waived The Right To Arbitration...................... 7

    IV.  The Arbitration Agreement Is Not Unconscionable And Does Not Violate Public Policy............................................................................................................................... 8

          A.    The Arbitration Agreement Is Not Unconscionable. ........................................... 8

          B.    The Arbitration Agreement Does Not Violate Public Policy............................. 10

CONCLUSION .................................................................................................................. 10

i

# TABLE OF AUTHORITIES

Page

CASES

*Abram Landau Real Est. v. Bevona*,
123 F.3d 69 (2d Cir. 1997)............................................................................................2

*Chartis Seguros Mex., S.A. v. HLI Rail & Rigging, LLC*,
967 F. Supp. 2d 756 (S.D.N.Y. 2013)............................................................................3

*DeGaetano v. Smith Barney, Inc.*,
983 F. Supp. 459 (S.D.N.Y. 1997)................................................................................10

*Harrington v. Atl. Sounding Co.*,
602 F.3d 113 (2d Cir. 2010)...........................................................................................9

*Herrera v. Manna 2nd Ave., LLC*,
1:20-cv-11026, 2022 U.S. Dist. LEXIS 127431 (S.D.N.Y. July 18, 2022).......................8

*Kuchinsky v. Curry*,
No. 09 Civ. 00299, 2009 U.S. Dist. LEXIS 45390 (S.D.N.Y. May 28, 2009) ..................2

*Molina v. Kaleo, Inc.*,
363 F. Supp. 3d 344 (S.D.N.Y. 2019).............................................................................9

*Morgan v. Sundance, Inc.*,
142 S.Ct. 1708 (2022) ...................................................................................................7

*Moss v. Rent-A-Center, Inc.*,
No. 06 CV 3312, 2007 U.S. Dist. LEXIS 60011 (E.D.N.Y. Aug. 15, 2007).....................8

*Powers v. Fox TV Stations*,
923 F. Supp. 21 (S.D.N.Y. 1996).................................................................................2, 3

*Purugganan v. AFC Franchising, LLC*,
No. 20-cv-00360, 2021 U.S. Dist. LEXIS 219787 (D. Conn. Nov. 15, 2021) ..................6

*Rompalli v. Portnova*,
No. 09 CIV. 3083, 2010 U.S. Dist. LEXIS 58289 (S.D.N.Y. May 5, 2010)
*report and recommendation adopted*, 2010 U.S. Dist. LEXIS 50441, 2010 WL
2034362 (S.D.N.Y. May 21, 2010)..............................................................................9, 10

*Steinberg v. Capgemini America, Inc.*,
No.: 2:22-cv-00489, 2022 U.S. Dist. LEXIS 146014 (E.D. Pa. Aug. 15, 2022) ...............4

*Tahirou v. New Horizon Enters., LLC*,
    No. 3:20-cv-00281, 2020 U.S. Dist. LEXIS 201582 (D. Conn. Oct. 29, 2020) ..................................3

*Walters v. Starbucks Corp.*,
    No. 22cv1907, 2022 U.S. Dist. LEXIS 153228 (S.D.N.Y. Aug. 25, 2022)........................................6

*Wright v. Ernst & Young LLP*,
    152 F.3d 169 (2d Cir. 1998).............................................................................................................6

**STATUTES**

9 U.S.C. § 402 .......................................................................................................................................4

9 U.S.C. § 402(a)...................................................................................................................................4

EFASASH Act ............................................................................................................................. passim

FAIR Act ...........................................................................................................................................4, 5

FLSA .....................................................................................................................................................3

Pub. L. No.117-90, 136 Stat. 26........................................................................................................1, 5

**OTHER AUTHORITIES**

*All Actions*, H.R. 963, 117th Cong. (2021-2022), https://www.congress.gov/bill/117th-
    congress/house-bill/963/all-actions?overview=closed#tabs .................................................5

FED. R. CIV. P. 4 .....................................................................................................................................8

*Practice Areas: Employment, Costs,* Am. Arb. Assoc., https://www.adr.org/employment .....................8

## PRELIMINARY STATEMENT

Plaintiff Teyo Johnson's ("Johnson") opposition brief makes plain that he has no legal basis whatsoever to maintain his action before this Court.  He does not for a moment dispute that he entered into an arbitration agreement (the "Arbitration Agreement") requiring him to arbitrate the very claims he has advanced against Everyrealm Inc. ("Everyrealm"), Janine Yorio ("Mrs. Yorio"), and Julia Schwartz ("Ms. Schwartz") (collectively "the Everyrealm Defendants"). Pursuant to their valid contractual rights, the Everyrealm Defendants have commenced arbitration against Johnson with the American Arbitration Association ("the AAA") under Case No. 01-22-0003-7215.

Plaintiff largely argues the Arbitration Agreement does not cover employment claims, but he ignored Everyrealm's law on point. (*See* doc. 9 at p. 18–19).

Plaintiff additionally claims that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("the EFASASH Act") prohibits arbitration of the entire case, and is not limited to Johnson's sexual harassment claims. Had Congress intended this result, it would have written the legislation to prohibit arbitration of all employment claims. It didn't. The narrow drafting of the legislation refutes Johnson's claim.

Moreover, the EFASASH Act does not apply retroactively. Section 3 provides, "t[h]is Act, and the amendments made by this Act, shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act." Pub. L. No.117-90, 136 Stat. 26. President Biden signed the EFASASH Act on March 3, 2022. Accordingly, any claims that arose before March 3 are not subject to the legislation.[1]  Indeed, Johnson's January 21, 2022 email titled "A Resounding Yes" that he

---

[1] The Everyrealm Defendants' Motion to Compel Arbitration made it clear that none of Johnson's claims may be subject to the EFASASH Act. (See doc. 9 at pp. 20-21) ("**To the extent** Johnson asserted claims subject to the EFASASH Act . . . Here, Plaintiff asserts eight causes of action, two of which – Causes of Action Three and Four – **may include claims** governed by the EFASASH Act.") (emphasis added). That is because, although Plaintiff's Complaint purports to assert a sexual harassment claim, it does not actually contain any allegations of conduct recognizable as such. The only alleged

wrote and sent to Janine Yorio after his video call interview with Mrs. Yorio and Mr. Stein proves that the interview occurred before the effective date of the EFASASH Act, and that the purported "sexual harassment" did not occur at all. (attached to the Declaration of Janine Yorio ("Yorio Decl."), at Exhibit A).

Johnson's waiver argument is equally unsupportable. As discussed in detail below, even if Mrs. Yorio had sought to informally "broker a resolution" to this Action, such acts would not constitute a waiver of the Everyrealm Defendants' right to arbitrate.

Finally, Johnson's public policy and unconscionability arguments are unsupported by the law. To the extent the Court finds Johnson's arguments hold water, though it, respectfully, should not, the Court must still enforce the arbitration provision.

## I.    The Arbitration Agreement Covers Employment Claims.

Contrary to Plaintiff's assertion, the case law supports the enforcement of the arbitration clause at issue here. (*See* doc. 13 at p. 10). Indeed, Defendants cited a case enforcing a virtually identical clause on page 13 of their moving papers. *Kuchinsky v. Curry*, No. 09 Civ. 00299, 2009 U.S. Dist. LEXIS 45390, at **6-7 (S.D.N.Y. May 28, 2009) (compelling arbitration where arbitration agreement provided "[a]ny controversy or claim arising out of or relating to the construction of or application of any terms, provisions, or conditions of this Agreement shall . . . be submitted to arbitration.").

Moreover, authority within the Second Circuit firmly establishes that the arbitration provision included in Johnson's employment agreement applies to claims relating to the terms and conditions of his employment (*i.e.* discrimination, harassment and retaliation). *See, e.g., Abram Landau Real Est. v. Bevona*, 123 F.3d 69, 71 (2d Cir. 1997) (affirming district court's order compelling arbitration of

---

instance of any conduct that even sounds like it might implicate sexual harassment occurred on or before the EFASASH Act's effective date. (See doc. 1 at ¶ 43).

wrongful discharge claim where arbitration agreement provided "[a] Contract Arbitrator shall have the power to decide all differences arising between the parties to this agreement as to interpretation, application or performance of any part of this [employment] agreement . . . ."); *Powers v. Fox TV Stations*, 923 F. Supp. 21, 24 (S.D.N.Y. 1996) (compelling arbitration of discrimination claims where arbitration agreement prescribed arbitration for claims "arising out of or in connection with this [employment] agreement . . . ."); *Tahirou v. New Horizon Enters., LLC*, No. 3:20-cv-00281, 2020 U.S. Dist. LEXIS 201582, at *9 (D. Conn. Oct. 29, 2020) (finding that the arbitration provision's inclusion of claims "involving the construction or application of any of the terms, provisions, or conditions of the Agreement" was sufficiently broad to include the plaintiff's claims under the FLSA.). With respect to the foregoing cases, Plaintiff has not cited any contrary authority whatsoever.

Additionally, Everyrealm's agreement is sufficiently broad to encapsulate any discrimination claims posed by Johnson and others. It states, "you agree that any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration." As Judge Carter stated in *Chartis Seguros*, "[w]hen the arbitration clause is broad enough that it includes disputes 'of any nature or character' or 'any and all disputes,' all questions or disputes arising thereunder are within the exclusive jurisdiction of an arbitrator." *Chartis Seguros Mex., S.A. v. HLI Rail & Rigging, LLC*, 967 F. Supp. 2d 756, 764 (S.D.N.Y. 2013).

The sole case cited by Johnson on this point only supports the Everyrealm Defendants' position. In *Ahmad v. Day*, when finding the arbitration agreement did not cover the plaintiff's claims, the court stated, "[t]his is also not a case where there was an 'employment contract' that contained a provision providing for arbitration of disputes 'arising under ... this Agreement' (that is, under the employment contract). Instead, the arbitration clause appears in a document entitled 'Employee Confidentiality & Propriety Rights Agreement.' This Confidentiality Agreement is <u>not</u> an employment contract and

indeed explicitly states as much." 556 F. Supp. 3d 214, 220 (S.D.N.Y. 2021) (internal citations omitted). Here, Johnson received an employment offer from Everyrealm (f/k/a Republic Realm Inc.), attaching an employment letter agreement, including the arbitration provision. (*See* doc. 10-1). The Arbitration Agreement even provided, "that any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration . . . ." (*Id.* at p. 6).  The arbitration provision accordingly covers all of Johnson's claims.

Plaintiff's argument otherwise is without merit, and this Court should find the Arbitration Agreement encapsulates all of Johnson's claims against the Everyrealm Defendants.

## II.    The EFASASH Act Only Prohibits Arbitration of Sexual Harassment Claims Proceeding March 3, 2022.

Johnson asserts—without any supporting legal citation—that the EFASASH Act prohibits arbitration of this entire case, not just his purported claim of sexual harassment.[2]  This result would mutate the EFASASH Act into the never-passed Forced Arbitration Injustice Repeal Act ("the FAIR Act")—a preposterous assertion.

To support his extraordinary proposition, Plaintiff cites only the following statutory language, "no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a).  But he ignores the EFASASH Act's introductory sentence making plain the narrow focus of the statute, "[t]o amend title 9 of the United States Code with respect to arbitration of disputes involving sexual assault and sexual harassment." 9 U.S.C. § 402

---

[2] Johnson misleads the Court - claiming that *Steinberg v. Capgemini Am., Inc.* stands for the proposition that the EFASASH Act prohibits arbitration of any claims, no matter how disparate, as long as asserted alongside a claim of sexual harassment. Nothing in *Steinberg* even remotely stands for such a proposition. Even the language quoted from *Steinberg* was *dicta* given the court granted the defendant's motion to compel arbitration. Indeed, the briefing submitted by the parties in the *Steinberg* action did not address whether the EFASASH Act prohibited arbitration of non-sexual harassment claims asserted along with sexual harassment claims. (*See* docs. 3, 8 & 9 in *Steinberg v. Capgemini America, Inc.*, No.: 2:22-cv-00489, 2022 U.S. Dist. LEXIS 146014 (E.D. Pa. Aug. 15, 2022)).

It is true that Johnson's Complaint asserts (on two bogus allegations) a purported cause of action for "sexual harassment." However, the balance of Plaintiff's claims (e.g. disparate pay, retaliation, and termination) do not "relate[ ] to" purported "sexual harassment." (*See* doc. 1 at ¶ 2). The Everyrealm Defendants concede that any disputes involving sexual harassment that arose after the effective date are potentially exempt from arbitration, but Johnson's argument here is otherwise untenable, based on the plain language of EFASASH as set forth above.

Indeed, Johnson's position here is further undermined by the fact that Congress has considered for several years legislation that would yield the result that he urges—but that broader legislation has never passed.  The FAIR Act would prohibit arbitration of any employment claims in a predispute arbitration agreement. *See* H.R. 963, §501(4).[3] That Congress has not passed the FAIR Act, and instead passed the far narrower EFASASH Act—voiding predispute arbitration agreements only as to sexual assault and sexual harassment "disputes"—establishes that Johnson's overly broad reading of the statute is incorrect.

In addition to the foregoing, the result sought by Johnson would create a scheme whereby the mere utterance of the words "sexual harassment" in a complaint would permit a plaintiff to avoid the arbitration of any and all claims. The Court should not open its doors to such manipulation.

Finally, to the extent Johnson now argues his "sexual harassment" claims are subject to the EFASASH Act, according to his Complaint they arose before March 3, 2022, and thus are not even subject to the legislation. Section 3 of the EFASASH Act provides, "[t]his Act, and the amendments made by this Act, shall apply with respect to any dispute or claim that arises or accrues on or after the date of enactment of this Act." Pub. L. No.117-90, 136 Stat. 26. President Biden signed the EFASASH

---

[3] *All Actions*, H.R. 963, 117th Cong. (2021-2022), https://www.congress.gov/bill/117-congress/house-bill/963/all-actions?overview=closed#tabs.

Act on March 3, 2022. Plaintiff alleges two purported instances of "sexual harassment." (*See* doc. 1 at ¶¶ 43 & 74).[4] The first instance allegedly occurred during Johnson's pre-hire interview (*Id.* at ¶¶ 43-44; Doc. 14 at ¶5).  Plaintiff alleges he received an offer of employment from Everyrealm on March 1, 2022. (*Id.* at ¶ 47). Accordingly, the alleged pre-hire "sexual harassment" occurred prior to the EFASASH Act's March 3, 2022 effective date, and is not subject to the legislation.[5]  *See Walters v. Starbucks Corp.*, No. 22cv1907, 2022 U.S. Dist. LEXIS 153228, at *6 (S.D.N.Y. Aug. 25, 2022) ("EFASASHA only applies, however, to a 'dispute or claim that arises or accrues on or after the date of enactment of this act.' EFASASHA was signed into law on March 3, 2022. Walter's claims in this lawsuit are not covered by EFASASHA because each claim arose or accrued before March 3, 2022.") (internal citations omitted).

Indeed, despite seeking to smear publicly the Everyrealm Defendants with salacious and false claims, Johnson's January 21, 2022 email both contradicts his allegations and confirms that his purported "sexual harassment" claim preceded March 3, 2022. Following his pre-hire interview with Mrs. Yorio and Mr. Jesse Stein on January 21, 2022, Johnson sent an email that same day to Mrs. Yorio stating:

> Janine, It was a sincere pleasure to meet with you and Jessie yesterday morning. You asked me to think about the role with your company and I have thought long and hard about everything you said. This is a once in a lifetime opportunity and I am very honored to have of been a candidate for it. I would love to be a part of your team and I believe you are a leader that

---

[4] Unsurprisingly, hoping to avoid arbitration, Johnson's tale of purported "sexual harassment" morphed from two isolated incidents (See doc. 1 at ¶¶ 43 & 74), to "sexual harassment that began in [his] preemployment interview and did not stop until [he] was terminated", and race-based fetishization that is so tied to his purported claims of "sexual harassment" that they cannot be "decoupled." (See doc. 14 at ¶¶ 5-6; doc. 13 at p. 15).

[5] Nowhere in Johnson's complaint does he identify any allegedly sexually harassing act arising on or after March 3, 2022. To the extent his declaration generally alleges "sexual harassment" occurring from his interview until his discharge, he may not amend his Complaint via declaration or other filings. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (plaintiff cannot amend complaint through memorandum filed in opposition to dispositive motion); *Purugganan v. AFC Franchising, LLC*, No. 20-cv-00360, 2021 U.S. Dist. LEXIS 219787, at *4 (D. Conn. Nov. 15, 2021) (plaintiff cannot amend complaint through memorandum). Having apparently only realized after filing the Complaint that the EFASASH Act is not retroactive, Johnson asserted for the first time in his Opposition that "sexual harassment" occurred after March 3, 2022, even though Johnson's Complaint is devoid of any such facts.

> I can follow and will run through a wall for (pun intended). Thank you again Janine, I would be honored to work for your company and I will give you my best, conduct myself as a professional and never embarrass the company. Thank you for this incredible opportunity. –teyo

(Yorio Dec. at Exhibit A).

As stated in the Everyrealm Defendants' Motion, Johnson only characterizes his allegations as "sexual harassment" hoping to trigger the EFASASH Act, despite the fact they are not legally cognizable as such, and do not trigger the protection of the Act. And, even if his allegations constituted sexual harassment, Johnson has not alleged facts showing they occurred on or after March 3, 2022.[6]

In light of the foregoing, (i) all of Johnson's non-sexual harassment claims are subject to arbitration, and (ii) Johnson has no sexual harassment claims subject to the EFASASH Act.

## III.   The Everyrealm Defendants Have Not Waived The Right To Arbitration.

Johnson argues that the Everyrealm Defendants somehow waived their right to arbitrate "when Ms. Yorio contacted a third-party professional investor . . . and demanded that this person broker a resolution to this case." (*See* doc. 13 at p. 26). Johnson claims the Supreme Court's recent opinion in *Morgan v. Sundance, Inc.*, 142 S.Ct. 1708 (2022) supports this argument. Again, Johnson is wrong.

In *Morgan v. Sundance*, the Supreme Court held that prejudice is not required to establish a waiver of the right to arbitrate. 142 S.Ct. at 1714. Specifically, the Court wrote, "Section 6 instructs that prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay

---

[6] Counsel for Johnson continues to change his clients' narrative at every instance. In a separate – but similarly frivolous – action against Everyrealm, Katherine Yost pleaded in her Amended Complaint that she suffered from "sexual harassment" on three distinct occasions, but at no point in the filing identified a single date when any alleged act occurred. (See doc. 4 at ¶¶ 98-99, 100, 102-104). In her September 2 Opposition to Everyrealm's Motion to Compel Arbitration, Yost altered her story in a transparent attempt to avoid her contractual obligations. There, she asserted that certain of her claims, namely "[t]hese claims and others (e.g., state and local pay discrimination and aiding and abetting claims) predate the [January 31, 2022] employment agreement)", and that an arbitration agreement did not exist to cover Yost's "state and local discrimination, harassment, and aiding and abetting claims that arose prior to January 31, 2022." (See doc. 15 at pp. 16-17). Then, apparently only after realizing that the EFASASH Act is not retroactive, Yost again altered her story. In her sur-reply, Yost asserted that her "sexual harassment" claim arose <u>only after</u> the effective date of the EFASASH Act. (See doc. 25 at ¶¶ 1, 3 and 5).

litigation or compel arbitration under the FAA." *Id.* Notably, following *Morgan*, the Southern District of New York found the moving party had not waived its right to arbitrate when it waited almost two years to compel arbitration and engaged in procedural, non-substantive motion practice. *Herrera v. Manna 2nd Ave., LLC*, 1:20-cv-11026, 2022 U.S. Dist. LEXIS 127431, at **22-23 (S.D.N.Y. July 18, 2022). While dropping the prejudice inquiry, the court nonetheless used the Second Circuit's previous waiver test and analyzed, "(1) the time elapsed from when litigation was commenced until the request for arbitration; and (2) the amount of litigation to date, including motion practice and discovery." *Id.* at *22.

In this case, the Everyrealm Defendants requested arbitration in their initial filing with this Court—fourteen days after Johnson filed his Complaint and without waiting for actual service under FED. R. CIV. P. 4. Mrs. Yorio's alleged attempt to "broker a resolution to this case"—which never occurred—would equate to nothing more than a request to mediate, and bears no resemblance at all to an intentional waiver of the right to arbitrate. The Court should reject this patently frivolous waiver argument.

## IV.   The Arbitration Agreement Is Not Unconscionable And Does Not Violate Public Policy.[7]

### A.   The Arbitration Agreement Is Not Unconscionable.

The Arbitration Agreement prescribes the AAA as the forum for arbitration. As this is an employment dispute, it is governed by the AAA's Employment Rules. The AAA's Employment Rules cap Johnson's arbitration fees at three hundred dollars ($300.00).[8] Under these circumstances, Johnson's unconscionability argument fails.[9]

---

[7] Johnson's argument that the Arbitration Agreement is designed to deter claims is unsupported and unfounded. Everyrealm entered into arbitration agreements with its employees because it desires to resolve disputes in arbitration.

[8] *Practice Areas: Employment, Costs,* Am. Arb. Assoc., https://www.adr.org/employment (last visited Sept. 22, 2022) ("Under the Employment/Workplace Fee Schedule, the employee's or individual's fee is capped at $300, unless the clause provides that the employee or individual pay less.").

[9] That Johnson claims he did not understand the Arbitration Agreement to cover employment claims is immaterial. He

Second, the fee provision is not unconscionable as written. Under New York law, the party arguing the agreement is unconscionable must typically prove the agreement is both procedurally and substantively unconscionable. *Molina v. Kaleo, Inc.*, 363 F. Supp. 3d 344, 349 (S.D.N.Y. 2019) (citing *Gillman v. Chase Manhattan Bank, N.A.,* 73 N.Y.2d 1, 10 (1988)).  Johnson ignores procedural unconscionability, relying exclusively on a flawed substantive unconscionability argument. (See doc. 13 at pp. 21-22). Johnson speculates that the fees from arbitration would be so high that splitting them with the Everyrealm Defendants alone merits invalidation of the agreement. Case law indicates otherwise. *See Molina*, 363 F. Supp. 3d at 351 ("It is also not clear that the existence of [fees attached to the arbitration that are so high as to make access to the forum impracticable], were they even to apply, would justify invalidating an arbitration clause upon which the parties mutually agreed."). Notably, the Second Circuit held that substantive unconscionability arguments fail where the arbitration agreement provides for arbitration under the AAA's Employment Rules, because the AAA can "defer or reduce the administrative fees." *Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 126 (2d Cir. 2010).

Next, Johnson claims—without any legal support—the Equitable Remedies portion of the Employment Agreement is unenforceable because it reserves the right to injunctive relief to Everyrealm as it concerns the moonlighting, non-solicitation, non-disparagement, and non-competition provisions.  Plaintiff provides no case law in support. Nevertheless, to the extent the Court finds some dispute exists as to this provision, that dispute must be determined by the arbitrator. *See Rompalli v. Portnova*, No. 09 CIV. 3083, 2010 U.S. Dist. LEXIS 58289, at *12 (S.D.N.Y. May 5, 2010) (because unconscionability renders a contract voidable, not void, argument that a contract containing

---

executed the agreement, was given time to speak with an attorney, and in doing so acknowledged he understood its terms and conditions. *See Moss v. Rent-A-Center, Inc.*, No. 06 CV 3312, 2007 U.S. Dist. LEXIS 60011, at *14 (E.D.N.Y. Aug. 15, 2007) ("[Plaintiffs] signed the arbitration agreement in which they acknowledged that they read and understood the agreement, and that they were given an opportunity to discuss the agreement with an attorney. If Plaintiffs did not understand the form of the arbitration agreement or had questions about it, the burden was upon them to have their concerns addressed before placing their signatures on the agreement.").

an arbitration clause is unconscionable must be referred to arbitrator), *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 50441, 2010 WL 2034362 (S.D.N.Y. May 21, 2010).

Finally, Johnson agreed to severability in his employment agreement. Section 13(c) provides, "[i]f one or more of the provisions in this Agreement are deemed void or unenforceable to any extent in any context, such provisions shall nevertheless be enforced to the fullest extent allowed by law in that and other contexts, and the validity and force of the remainder of this Agreement shall not be affected." (*See* doc. 10-1 at p. 6). Accordingly, the Court must still compel arbitration.

**B.  The Arbitration Agreement Does Not Violate Public Policy.**

Johnson incorrectly asserts—again without legal support—that the Arbitration Agreement violates public policy with respect to the availability of statutory attorneys' fees, when the agreement does not even address this question.  To be clear, the Arbitration Agreement does not specify any limitation on any form of statutory relief available to any party.  The language relied upon by Johnson merely clarifies that there is no contractual fee shifting by virtue of the Arbitration Agreement itself, and it does not eliminate any right by Johnson (or the Everyrealm Defendants, for that matter) to collect statutory attorneys' fees. Even if there was a concern that Johnson was foregoing his substantive rights, the Court is able to address these concerns after the arbitration proceedings have concluded. *See DeGaetano v. Smith Barney, Inc.,* 983 F. Supp. 459, 466 (S.D.N.Y. 1997).

The Court should ignore Johnson's attempt to avoid his contractual duties, and compel this case to arbitration.

## CONCLUSION

For the foregoing reasons, Defendants are entitled to: (i) an Order dismissing the Complaint, (ii) compelling arbitration, (iii) staying only those claims, if any, that may be subject to the EFASASH Act, and (iv) for all other relief that the Court may deem just and proper.

Dated: New York, New York
       September 23, 2022

<div style="margin-left:40%">

PROSKAUER ROSE LLP

By:     /s/ Lloyd B. Chinn

Lloyd B. Chinn, Esq.
Eleven Times Square
New York, New York 10036-8299
Ph. (212) 969-3000
Fax (212) 969-2900
lchinn@proskauer.com
*Attorney for Everyrealm Inc.*
*(f/k/a Republic Realm Inc.),*
*Julia Schwartz, and Janine Yorio*

</div>

11