# SEPPINNI LLP

43 WEST 43RD ST., STE. 256, NEW YORK, NY 10036 | OFFICE: (212) 859-5085

September 26, 2022

The Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall
40 Foley Square
New York, NY 10007

**Re: *Johnson v. Everyrealm, et al.*, Letter Motion Requesting Leave to File Surreply**
   Civil Action No. 1:22-cv-06669(PAE)(GWG)

Dear Honorable Judge Engelmayer,

    I represent Plaintiff Teyo Johnson in the above-referenced matter. I write to request leave to file a brief Surreply in response to Defendants' September 9, 2022, Response Brief and Declaration (Dkt. Nos. 16-17).

    Just as they did in their Reply brief in *Yost v. Everyrealm, et al.*, 1:22-cv-06549(PAE)(SLC), Defendants improperly raised new arguments and submitted new evidence in support of these new arguments in their Reply Brief and Declaration in Support in this case. *See, e.g.*, Defs.' Reply Br. at 1-2, 4-7 (section titled "The EFASASH Act Only Prohibits Arbitration of Sexual Harassment Claims Proceeding March 3, 2022."); *Tutor Time Learning Ctrs., LLC v. GKO Grp., Inc.*, 13 Civ. 2980, at *2 (S.D.N.Y. 2013) ("arguments raised for the first time in a reply memorandum are waived and need not be considered.").

    Mr. Johnson requests the opportunity to rebut Defendants' new arguments and evidence in a short surreply brief, as was granted by Your Honor under identical circumstances in *Yost v. Everyrealm et al.*

    Ms. Johnson intends to argue that Defendants' new arguments were waived when they failed to raise them in their opening brief, and to demonstrate that, regardless, Mr. Johnson's sexual harassment dispute arose, accrued, and was ongoing after March 3, 2022. Defendants' new argument ignores the sexual harassment alleged in Mr. Johnson's Complaint that occurred in a meeting with Janine Yorio, Parker Berling, and Teyo Johnson within two weeks after March 20, 2022. *See* Compl. ¶¶ 73-79.

    Mr. Johnson could suffer prejudice if he is prohibited from opposing Defendants' new arguments.

    Thank you for considering this request.

Regards,

*/s/ Shane Seppinni*
Shane Seppinni

Seppinni LLP
(347) 378-5655
shane@seppinnilaw.com

Granted. Plaintiff's surreply is due October 4, 2022. The Court advises that it will evaluate the motion to compel arbitration under similar standards to a motion for summary judgment, *see Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003), and that Plaintiff should attach such materials as are necessary for the Court to resolve the motion, *see, e.g., HBC Sols, inc. v. Harris Corp.*, No. 13 Civ. 6327 (JMF), 2014 WL 6982921, at *1 (S.D.N.Y. Dec. 10, 2014) (considering materials beyond the complaint).

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge
September 27, 2022