

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

September 28, 2022

Lloyd B. Chinn
Member of the Firm
d +1.212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

**By eFile**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
Thurgood Marshall
40 Foley Square
New York, NY 10007

Re:   *Teyo Johnson v. Everyrealm et al.*, Case No. 1:22-cv-06669(PAE)(GWG)
      Objection to Plaintiff's Request for Order to Show Cause Dkt. Nos. 19-21

Dear Judge Engelmayer,

      We note that Plaintiff's request that this Court issue a temporary restraining order did not comply with the Court's rule 3(L). Rule 3(L) provides:

> **L. Applications for a Temporary Restraining Order.** A party must confer with his or her adversary before making an application for a temporary restraining order unless the requirements of Fed. R. Civ. P. 65(b) are met. As soon as a party decides to seek a temporary restraining order, he or she must email Chambers at EngelmayerNYSDChambers@nysd.uscourts.gov and state clearly whether (1) he or she has notified their adversary, and whether the adversary consents to temporary injunctive relief; or (2) the requirements of Fed. R. Civ. P. 65(b) are satisfied and no notice is necessary. The moving party must also give notice of the time frame requested for Court action. If the motion is made on notice, all parties should be copied on the email.

Rule 65(b) of the Federal Rules of Civil Procedure provides in relevant part, "(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

**Proskauer»**

The Honorable Paul A. Engelmayer
September 28, 2022
Page 2

      In violation of the Court's Rule 3(L), Plaintiff made no attempt to confer with counsel for Everyrealm Inc., Janine Yorio, and Julia Schwartz regarding a contemplated temporary restraining order. Nor did Johnson comply with Rule 65(b) of the Federal Rules of Civil Procedure. He failed to provide: 1. specific facts in an affidavit or a verified complaint clearly showing that immediate and irreparable injury, loss, or damage will result to Johnson before the Everyrealm Defendants can be heard in opposition, and 2. written certification of any efforts to give notice and the reasons why it was not be required. To the best of our knowledge, Plaintiff did not submit the required email to Chambers (we certainly were not copied on any such email).

      The Everyrealm Defendants served Plaintiff with notice of the Demand for Arbitration on September 1, 2022 (not September 12, as he asserts), and he waited twenty-six (26) days – until the evening his AAA Answer and arbitrator selections were due – to surprise the Everyrealm Defendants with a request for a temporary restraining order. In doing so, he failed to comply with this Court's procedures.

      The Everyrealm Defendants will file a separate, substantive response to Plaintiff's Request.

Respectfully submitted

*/s/ Lloyd B. Chinn*
Lloyd B. Chinn, Esq.
Eleven Times Square
New York, New York 10036-8299
Ph. (212) 969-3000
Fax (212) 969-2900
lchinn@proskauer.com
*Attorney for Everyrealm Inc.*
*(f/k/a Republic Realm Inc.),*
*Julia Schwartz, and Janine Yorio*