UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEYO JOHNSON,<br><br>      Plaintiff,<br><br>  v.<br><br>EVERYREALM INC., COMPOUND ASSET MANAGEMENT LLC, REALM METAVERSE REAL ESTATE INC., REPUBLIC, REPUBLIC CRYPTO LLC, REPUBLIC REALM MANAGER LLC, REPUBLIC REALM INC., REPUBLIC OPERATIONS LLC, OPENDEAL INC., OPENDEAL PORTAL LLC, JANINE YORIO, in her individual and professional capacities, and JULIA SCHWARTZ, in her individual and professional capacities.<br><br>      Defendants. | Index No. 1:22-cv-06669(PAE)(GWG) |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO**
**DEFENDANTS' ORDER TO SHOW CAUSE TO COMPEL ARBITRATION**

**SEPPINNI LLP**
Shane Seppinni
43 W. 43rd St., Suite 256
New York, NY 10036

*Counsel for Plaintiff*

**CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

**I.    DEFENDANTS' NEW ARGUMENTS ARE WAIVED** ................................................. 3

**II.   DEFENDANTS' NEW ARGUMENTS ARE FACTUALLY AND LEGALLY
       INCORRECT** .................................................................................................................. 4

      A.    Defendants' New Arguments Misrepresent the Facts ........................................ 5

      B.    Defendants' New Arguments Misrepresent the EFA ......................................... 6

**III.  DEFENDANTS NECESSARILLY EITHER DRAFTED THE AER CONTRARY
       TO PUBLIC POLICY OR TO COVER ONLY NON-EMPLOYMENT DISPUTES.** 7

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**

*Bensadoun v. Jobe-Riat*,
    316 F.3d 171 (2d Cir. 2003)...................................................................................... 2

*Meyer v. Uber Techs., Inc.*,
    868 F.3d 66 (2d Cir. 2017)........................................................................................ 3

*Connecticut Bar Ass'n v. United States*,
    620 F.3d 81 (2d Cir. 2010)........................................................................................ 3

*Tetra Techs., Inc. v. Harter*,
    823 F. Supp. 1116 (S.D.N.Y. 1993).......................................................................... 3

*Kropelnicki v. Siegel*,
    290 F.3d 118 (2d Cir. 2002)...................................................................................... 3

*Charlotten v. Heid*,
    No. 09-CV-891, 2011 WL 3423826 (N.D.N.Y. 2011).............................................. 4

*Rotkiske v. Klemm*,
    140 S.Ct. 355 (2019).................................................................................................. 6

*Whitehaven S.F., LLC v. Spangler*,
    45 F. Supp. 3d 333 (S.D.N.Y. 2014).......................................................................... 8

*Kuchinsky v. Curry*,
    2009 U.S. Dist. LEXIS 45390; 556 F.Supp.3d 214 (S.D.N.Y. May 28, 2009)................ 8, 9

*Ahmad v. Day, et al.*,
    556 F.Supp.3d 214 (S.D.N.Y. 2021).......................................................... 8, 9, 10

*Mills v. County of Monroe*,
    59 N.Y.2d 307 (N.Y. 1983) ....................................................................................... 8

*Kosarin-Ritter v. Mrs. John L. Strong, LLC*,
    2013 N.Y. Slip Op. 30434 (N.Y. Sup. Ct. 2013)...................................................... 10

**STATUTES**

9 U.S.C.
    § 401............................................................................................................................ 4
    § 402....................................................................................................................... 4, 6

New York
    New York Labor Law Section 740 ....................................................................................... 4

**OTHER AUTHORITIES**

https://nwlc.org/wp-content/uploads/2020/10/NWLC-Intake-Report_FINAL_2020-10-13.pdf ... 2

Plaintiff Teyo Johnson submits this surreply in further opposition to Defendants' Motion to Compel Arbitration (dkt. no. 8). He asks this Court to reject Defendants' arguments that were raised for the first time in their Reply and to find that the AER does not cover this dispute.

## PRELIMINARY STATEMENT

Defendants' new arguments fail as a matter of law and fact. Mr. Johnson's claims of sexual harassment arose and accrued after March 3, 2022, and at least six of his eight causes of action clearly allege sexual harassment. Therefore, the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFA") exempts this case from secret forced arbitration because it overwhelmingly relates to a sexual harassment dispute.

Defendants were aware when they filed their Motion that the EFA's provisions were relevant. In fact, Defendants conceded in their moving brief that Mr. Johnson's claims were "subject to the [EFA]." Defs.' Mem. at 21.  Now, Defendants attempt to walk their concession back and sandbag these proceedings by arguing for the first time in their Reply that "[Mr.] Johnson has no sexual harassment claims subject to the [EFA]." Defs.' Reply at 11.

Defendants cavalierly argue that applying the EFA as it is written would "create a scheme by which the mere utterance of the words 'sexual harassment' in a complaint would permit a plaintiff to avoid the arbitration of any and all claims." Defs.' Reply at 9. This manufactured concern is a red herring. Courts can and do dismiss claims that are inadequately pled or pled for an improper purpose. A plaintiff who files a false complaint alleging sexual harassment or assault along with other related claims for the sole purpose of "avoid[ing]" arbitration would have their claims dismissed like any other litigant, at which point surviving claims would no longer "relate[] to . . . the sexual harassment dispute" and could then proceed in arbitration. 9 U.S.C. § 402(a). Furthermore, abundant evidence exists that survivors of sexual harassment and

1

assault at work face costs and barriers to coming forward that lead to underreporting of sexual misconduct more so than false reports. *See* National Women's Law Center and Time's Up Legal Defense Fund, *Coming Forward: Key Trends and Data from the TIME'S UP Legal Defense Fund[1]* at 11 ("Because of low rates of reporting, the prevalence of sex harassment in the workforce has long been and continues to be difficult to measure. According to the EEOC, some studies found as many as 85 percent of women report experiencing sex harassment in the workplace. However, given barriers such as fear of not being believed or fear of retaliation, many people do not report their experience: it is estimated that anywhere from 87 percent to 94 percent of people who experience workplace harassment never file a formal complaint"). Congress did not draft the EFA to eliminate the risk that few false sexual harassment claims would be brought at the expense of many legitimate claims; instead, Congress drafted the EFA so that sexual harassment cases cannot be forced into secret arbitration on an employer's, in this case Everyrealm's, whim.

For these reasons, and the arguments below, Defendants' Reply fails to rebut Mr. Johnson's arguments.

## ARGUMENT

Defendants have not shown that "there are no issues of fact as to the making of the agreement for arbitration," therefore, "trial is necessary." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). Furthermore, despite their attempts to cast doubt on Mr. Johnson's allegations, for the purposes of this motion this Court must assume the facts alleged are true and

---

[1] Report available at: https://nwlc.org/wp-content/uploads/2020/10/NWLC-Intake-Report_FINAL_2020-10-13.pdf (last visited on Oct. 4, 2022).

draw all reasonable inferences in favor of Mr. Johnson. *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (citation omitted).

## I.       DEFENDANTS' NEW ARGUMENTS ARE WAIVED

Defendants improperly raised new arguments in their Reply. *Compare* Defs.' Mem. at 20 ("Because all of Plaintiff's claims fall within the scope of the arbitration provision contained in his Agreement, excluding his claims subject to the EFASASH Act. . ..") *with* Defs.' Reply at 11 (". . . Johnson has no sexual harassment claims subject to the EFASASH Act."). It is well established that "arguments raised for the first time in reply briefs are waived." *Gonzalez v. United States*, 17-cv-1093, at *5 n.2 (S.D.N.Y. 2019); *also, Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010) ("Issues raised for the first time in a reply brief are generally deemed waived.").

Defendants' new arguments, in addition to being factually and legally incorrect—and contradicted by Defendants' own Reply (at 9, "The Everyrealm Defendants concede that any disputes involving sexual harassment that arose after the effective date are potentially exempt from arbitration . . ..")—were knowable when Defendants filed their moving brief. Yet Defendants failed to raise these new arguments. The Court should therefore ignore them. *See Tetra Techs., Inc. v. Harter*, 823 F. Supp. 1116, 1120 (S.D.N.Y. 1993) ("Nor may entirely new but foreseeable points relevant to a motion be presented in a reply affidavit. . ... Such a procedure is foreign to the spirit and objectives of the Federal Rules of Civil Procedure. Were tactics of this type permitted, a sur-reply affidavit would be necessary from the adversary, followed by a further supplemental response by the moving party, and so on ad infinitum." (Citations omitted)).

Courts in this Circuit routinely find that statute-of-limitations defenses, like the new argument made here, are deemed waived if raised for the first time on reply. *Kropelnicki v.*

*Siegel*, 290 F.3d 118, 130 n.7 (2d Cir. 2002) ("The statute of limitations is an affirmative defense that is waived if not raised."); *also, Maddison v. Comfort Sys. USA (Syracuse), Inc.*, 5:17-CV-0359 (LEK/ATB), at *4-5 (N.D.N.Y. 2018) ("The Court rejects Defendant's belated statute of limitations defense."); *Charlotten v. Heid*, No. 09-CV-891, 2011 WL 3423826, at *16 n.2 (N.D.N.Y. 2011) (Court deemed defendant's statute of limitations defense waived because it was raised for the first time in the defendant's reply brief). Defendants were aware that EFA cases are subject to the March 3, 2022, proceeding statute of limitations yet failed to so much as to mention this deadline in their opening brief.

For these reasons alone, Defendant's new argument should be deemed waived.

**II.     DEFENDANTS' NEW ARGUMENTS ARE FACTUALLY AND LEGALLY INCORRECT**

Regardless of whether Defendants' new arguments were waived when they failed to raise them in their opening brief, Defendants' new arguments are unpersuasive.

At this stage, Defendants are free to malign Mr. Johnson's sexual allegations as "bogus" (Defs.' Reply at 6), but they cannot rewrite the Federal Arbitration Act ("FAA"). The FAA now defines a "sexual harassment dispute" as "a dispute relating to conduct that is **alleged** to constitute sexual harassment . . . ." 9 U.S.C. § 401(4) (emphasis added). It further states that forced arbitration clauses are invalid "with respect to a case . . . [that] **relates to** the . . . sexual harassment dispute," like Mr. Johnson's case does. *Id.* § 402(a) (emphasis added).

Sexual harassment can be plausibly inferred from each cause of action in Mr. Johnson's Complaint with the possible exception of the First and Seventh Causes of Action, which were brought under Section 1981 and the New York Labor Law Section 740. *E.g.* Complaint, Causes of Action 2-6, 8 (Second Cause of Action, ¶ 88, Mr. Johnson plausibly alleges that the sexual

4

harassment he suffered during his interview could have led to his illegally low pay: "Defendants engaged in **patterns, practices and/or policies** of employment which willfully, and in the alternative, unwillfully, discriminated against Plaintiff by paying Plaintiff a lesser rate of pay"); Third and Fourth Causes of Action, ¶¶ 73-79 (Defendants' repeated use of the gender-based slur "dick" at work in a sexually harassing way constitutes numerous violations of the NYCHRL and NYSHRL); Fifth and Sixth Causes of Action, ¶¶ 105, 110 ("Defendants knowingly or recklessly aided and abetted the unlawful employment practices, discrimination, **harassment**, and retaliation against Plaintiff in violation of the [NYSHRL and NYCHRL]."); Eighth Cause of Action, ¶¶ 119-123 (Mr. Johnson's intentional infliction of emotional distress claim can plainly be plausibly read to include the conduct described in which Ms. Yorio repeatedly yelled "dick" in front of Mr. Johnson at work) (emphasis added); *also* Plf's. Opp. at 11.

Simply put, Mr. Johnson's "sexual harassment dispute" permeates, and therefore "relates to," this entire "case." 9 U.S.C. § 402(a).

### A. Defendants' New Arguments Misrepresent the Facts

Mr. Johnson was sexually harassed after March 3, 2022. *See* Johnson Decl. ¶ 3. That he also suffered separate sexual harassment prior to then, does not render this case exempt from the EFA. Defendants argue, in effect, because an instance of discreet sexual harassment occurred prior to March 3, 2022 (during Mr. Johnson's pre-employment interview), the adverse employment actions that plausibly resulted from this harassment are similarly exempt from the EFA regardless of when they were uncovered. Defendants are incorrect.

Defendants cite *Walters v. Starbucks Corp.* to support their incorrect assertion that Defendants sexual harassment arose or accrued before March 3, 2022. Unlike in *Walters v. Starbucks Corp.*, a case in which all instances of harassment and discrimination undisputedly

5

occurred before March 3, 2022, and after which no related misconduct is alleged. Mr. Johnson had "a complete and present cause of action" for sexual harassment based on the sexual harassment he experienced during his interview when he first learned in June 2022 that his wages were set discriminatorily low likely due in part to the sexual harassment he encountered. *Id.* (citing *Rotkiske v. Klemm*, 140 S.Ct. 355, 360 (2019)); Johnson Decl. ¶ 2.

Mr. Johnson was also subject to Defendants' sexually harassing tirade in which Ms. Yorio repeatedly yelled "dick" during a meeting that occurred the week after March 20, 2022. Johnson Decl. ¶ 3. Therefore, the EFA applies to this "case which . . . relates to the . . . sexual harassment dispute" and the AER is invalid. 9 U.S.C. § 402(a).

### B. **Defendants' New Arguments Misrepresent the EFA**

Defendants might disagree with the EFA as written; however, Congress's plain language shows that Defendants' reading of the law is wishful and contrary to the EFA's goal of "improv[ing] access to justice for survivors of sexual assault and harassment." H.R. Rep. No. 117-234, at 18 (2022).

Defendants incorrectly state that Mr. Johnson "urges" that all employment claims in all cases be exempt from forced secret arbitration. Defs.' Reply at 9. However sensible this might be as a policy proposal; Mr. Johnson makes no such sweeping legal argument here. Rather, Mr. Johnson argues that his "case which . . . relates to th[is] . . . sexual harassment dispute" cannot be forced into secret arbitration under the EFA. 9 U.S.C. § 402(a).

Defendants cite the EFA's opening sentence to argue that it supports their narrow reading of the law. However, the Defendants' own citation contradicts this: "[t]o amend title 9 of the United States Code with respect to arbitration of disputes involving sexual assault and sexual harassment." Defs.' Reply at 8, citing 9 U.S.C. § 402. Mr. Johnson's case *is* "a dispute involving

6

sexual [] harassment." *Id*. The EFA's introductory sentence does not include a single limiting word that should lead this Court to the conclusion that the EFA was intended to require victims of sexual assault, harassment, and other related misconduct to litigate parallel actions in arbitration and in court. This is especially so in cases like Mr. Johnson's where sexual harassment allegations permeate at least six out of the eight Causes of Action, and where there is significant factual overlap between every cause of action.

### III. DEFENDANTS NECESSARILLY EITHER DRAFTED THE AER CONTRARY TO PUBLIC POLICY OR TO COVER ONLY NON-EMPLOYMENT DISPUTES

Defendants contend that the AER does not violate public policy and that it was intended to cover employment disputes such as this one. Both things cannot be true. Not only do Defendants fail to account for why, if the Parties intended the AER to cover employment disputes, Defendants defined "Employment Relationship" in the Agreement but then did not use nor reference the defined term in the AER (Agreement § 4). Defendants' own Reply demonstrates that Everyrealm either drafted the AER with the intent to deter arbitration, or that it did not intend for the AER to cover employment disputes.

Defendants concede that the AER contradicts the AAA's rule requiring employers to cover arbitration costs greater than $300. *See* Defs.' Reply, FN 8. This means one of two things: either Defendants knowingly drafted a cost-splitting provision to deter arbitration as against public policy in violation of the AAA's rules, or that one can conclude that the AER must have been intended to only cover non-employment disputes because otherwise it is in flagrant noncompliance with the AAA's contradictory employment dispute rules. *See id.* If the former, a party who purposefully writes an unenforceable contract as against public policy to intimidate its counterparty cannot have that contract rescued by a court when its own bad-faith drafting fails to

7

confer the intended bad-faith benefit. *See Whitehaven S.F., LLC v. Spangler*, 45 F. Supp. 3d 333, 344 (S.D.N.Y. 2014) ("Because contracts against public policy are void, it is well-established that courts will not enforce such contracts or 'recognize rights arising from them.'" (Citations excluded); *also Mendelsohn v. BidCactus, LLC*, CIVIL ACTION No. 3:11-CV-1500 (JCH), at *15 (D. Conn. Mar. 28, 2012) ("Even where an express contract exists though, a court will not enforce contractual obligations that arise from an agreement that is against public policy.") If the latter, Defendants' claim that the AER was intended to force employment disputes into arbitration must fail. Defendants would have no other reason to purposely draft a cost-splitting provision that violates the AAA's rules in employment cases. No sensible drafter intending to cover employment disputes would do such a thing, which should lead this court to conclude that, if the AER is not otherwise unenforceable, it does not cover employment disputes, regardless.

Defendants also rely on tortured readings of two cases cited by Mr. Johnson, *Kuchinsky v. Curry* and *Ahmad v. Day, et al.*, to support their arguments on Reply. 2009 U.S. Dist. LEXIS 45390 (DLC) (S.D.N.Y. May 28, 2009); 556 F.Supp.3d 214 (S.D.N.Y. 2021). Defendants state that *Kuchinsky* has a "virtually identical" arbitration clause to the AER at issue. This is demonstrably untrue. The clause in *Kuchinsky* includes "[a]ny controversy or claim arising out or relating to the . . . **conditions** of this Agreement . . . shall . . . be submitted to arbitration." No. 09 Civ. 00299, 2009 U.S. Dist. LEXIS 45390, at **6-7 (S.D.N.Y. May 28, 2009). The AER, by contrast, states instead that it covers "performance or breach" of the Agreement without mentioning conditions. Whereas "conditions" in *Kuchinsky* covered claims relating to working conditions, discrimination and harassment constitute neither "performance" nor "breach" of the Agreement in this case and therefore do not implicate the AER. Performance and breach are concepts that sound in contract whereas discrimination sounds in tort. *See Mills v. County of*

*Monroe*, 59 N.Y.2d 307 (N.Y. 1983) (holding that employment discrimination sounds in tort). Mr. Johnson's allegations do not implicate performance of the Agreement, as Everyrealm did not contract to refrain from the misconduct described in the Complaint.

Furthermore, the court in *Kuchinsky* put special emphasis on the fact that the plaintiff's complaint directly implicated the agreement by "describe[ing] various provisions of the Agreement, and seek[ing] damages for breach of the Agreement" for failure to pay $65,000 that was owed thereunder. 09 Civ. 00299 (DLC), at *7 (S.D.N.Y. May 28, 2009). Mr. Johnson, in contrast, does not mention the Agreement in his Complaint (because his allegations do not involve breach of contract claims for failure to pay past wages, nor for breaches of confidentiality, or restrictive covenants) and has not alleged breach of the Agreement.

Finally, Defendants attempt to cast aside the on-point holding in *Ahmad* because the court there stated that the agreement "is not an employment contract and indeed explicitly states as much." 556 F. Supp 3d 214, 220 (S.D.N.Y. 2021). First, *Ahmad* does not list this distinction as either necessary or sufficient to justify its holding. Second, Defendants imply that an employment contract exists in Mr. Johnson's case but do not outright say so because they know full well that one does not. The court in *Ahmad* used "employment contract" as a term of art to describe an agreement in which an employer promises to employ an employee for a certain period. *See id*. In other words, "employment contract" as used in *Ahmad* references an agreement that establishes a for-cause employment relationship rather than an at-will relationship. Just as no employment contract existed in *Ahmad*, none exists here because the Agreement is an at-will job offer not an employment contract—it states as much:

> Employment with the Company is for no specific period of time. Your employment with the Company will be "at will," meaning that either you or the Company may terminate your employment at any time and for any reason, with or

9

**without cause . . . [T]he "at will" nature of your employment may only be changed in an express written agreement signed by you and the Company's Board of Directors**.

Agreement § 4 (emphasis added).

The emboldened portion of the final sentence in the above passage, if executed, would constitute an employment contract. *See e.g. Kosarin-Ritter v. Mrs. John L. Strong, LLC*, 2013 N.Y. Slip Op. 30434, 8 (N.Y. Sup. Ct. 2013) (finding that employment letter stating at will employment, *inter alia*, did not constitute an employment contract). No such employment contract exists.

For these reasons, both *Kuchinsky* and *Ahmad* show that the AER does not cover employment disputes.

## CONCLUSION

The Court should therefore deny Defendants' improper attempt to force this sexual harassment case into arbitration.

**Dated:** October 4, 2022  
New York, New York

Respectfully submitted,

*/s/ Shane Seppinni*

Shane Seppinni  
Seppinni LLP  
43 W 43rd St., Suite 256  
New York, NY 10036  
212-849-7000  
shane@seppinnilaw.com

*Counsel for Plaintiff*