UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
TEYO JOHNSON, :
: 22 Civ. 6669 (PAE)
Plaintiff, :
: <u>ORDER</u>
-v- :
:
EVERYREALM, INC., et al., :
:
Defendants. :
:
------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

On October 6, 2022, the Court held a conference in this case to take up (1) the motion by defendant Everyrealm, Inc. ("Everyrealm") and others to compel arbitration, Dkt. 8, and (2) the application by plaintiff Teyo Johnson for injunctive relief to stay the arbitral proceedings that these defendants initiated on September 12, 2022, Dkt. 20. The focus of the conference was the means by which the Court is to resolve whether, and if so to what extent, the recently enacted Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFA"), 9 U.S.C. § 401-402, bars the motion to compel arbitration of plaintiff's claims. Johnson notes that his Complaint contains references to sexual harassment and argues that 9 U.S.C. § 402(a) precludes arbitration of this case. Everyrealm and the affiliated defendants who have joined in its motion contend that the Complaint does not plausibly allege any instance of sexual harassment, such that the EFA should not be held to apply. All parties agree that, under 9 U.S.C. § 402(b), it is for the Court at the threshold, and not an arbitrator, to determine what, if any claims, are exempt from arbitration under the EFA.

The transcript of today's conference sets forth the reasons for the Court's determinations. In summary, the Court determined that, pursuant to its authority under § 402(b) to determine whether and to what extent the EFA precludes arbitration, it must resolve whether the Complaint plausibly pleads a "sexual harassment dispute" within the meaning of 9 U.S.C. § 402(a). The Court further determined that it was appropriate to give Johnson an opportunity first to amend the Complaint to assure that it contains all factual allegations bearing on his allegation of sexual harassment.

The Court set the following schedule:

- Plaintiff's amended complaint is due October 14, 2022.

- Defendants' motion to dismiss the amended complaint for failure to state a sexual assault claim is due November 2, 2022.

- Plaintiff's opposition is due November 16, 2022.

- Defendants' reply is due November 23, 2022.

For avoidance of doubt, this amended complaint is intended solely to enable plaintiff, if the facts so permit, to fortify the Complaint's sexual harassment allegations. Following the Court's determination whether this case is to be litigated in this Court or in an arbitral forum, plaintiff will have an opportunity in the forum held proper to move to otherwise amend, and the defense will have an opportunity to oppose that motion, and to move to dismiss any other allegation in the Complaint, including based on Federal Rule of Civil Procedure 12(b).

Insofar as Everyrealm and the affiliated defendants have initiated an arbitration to take up Johnson's claims, and insofar as it is improper to require Johnson to participate in that arbitration while his motion to enjoin the arbitration as precluded by the EFA and Everyrealm's motion to compel that arbitration is pending, the Court directed defense counsel—and defense counsel independently agreed—to notify the American Arbitration Association that no further action is

be taken in the arbitral proceeding, unless and until the Court has held that arbitration may proceed consistent with the EFA. Johnson shall not be required to appear in or respond in the arbitral proceeding while these motions are pending before this Court.

The Court will issue an order to similar effect on the docket of *Yost v. Everyrealm Inc. et al*, 22 Civ. 6549 (PAE), a related case in which the same counsel as here have appeared.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 6, 2022
       New York, New York