# SEPPINNI LLP

43 WEST 43RD ST., STE. 256, NEW YORK, NY 10036 | OFFICE: (212) 859-5085

November 23, 2022

The Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall
40 Foley Square
New York, NY 10007

**Re: *Johnson v. Everyrealm, et al.*, Civil Action No. 1:22-cv-06669(PAE)(GWG)**
    Opposition to Defendant Kerr's Motion to Join the Everyrealm Defendants' Motion to
    Compel Arbitration

Dear Judge Engelmayer,

Mr. Johnson maintains that the forced Arbitration and Equitable Remedies ("AER") clause is inapplicable to Defendant Mr. Kerr and unenforceable in this case.

First, the AER is not the operative document that should be used to determine the arbitrability of the claims against Mr. Kerr. Everyrealm designated Mr. Johnson's "Primary Place of Work" as "Manhattan." ECF No. 40 (Ex. A, ¶ 5). The Everyrealm New York Employee Handbook, dated April 5, 2022, states:

> This manual and the policies and procedures contained herein supersede any and all prior practices, oral or written representations, or statements regarding the terms and conditions of your employment with Everyrealm. By distributing this handbook, the Company expressly revokes any and all previous policies and procedures which are inconsistent with those contained herein.

Ex. A, p. 51.

The only mention of forced arbitration in Everyrealm's Employee Handbook (incorporated in and relied on in the Amended Complaint and attached hereto as Exhibit A) is regarding Paid Family Leave ("PFL") denials: "Employees who disagree with a denial of their claim for PFL may submit their dispute to arbitration. Employees will be provided with information about how to request arbitration." Ex. A at 33. But regarding sexual harassment and discrimination, the Everyrealm Employee Handbook is clear that Mr. Johnson can bring his claims against Mr. Kerr in court. For example, the Everyrealm Employee handbook states regarding discrimination and harassment claims under the NYSHRL, "A complaint may be filed either with the Division of Human Right (DHR) or in New York State Supreme Court[]"; for Title VII, "An individual can file a complaint with the EEOC anytime within 300 days from the harassment. . . . The EEOC will investigate the complaint and determine whether there is reasonable cause to believe that

discrimination has occurred, at which point the EEOC will issue a Right to Sue letter permitting the individual to file a complaint in federal court. . . . **Federal courts may award remedies if discrimination is found to have occurred[]**"; and for NYCHRL, "[T]hose who work in New York City may file complaints of sexual harassment with the New York City Commission on Human rights." Exhibit A, pp. 48-89. (Emphasis added). Therefore, the Everyrealm Handbook shows that Mr. Johnson cannot be forced to arbitrate his claims against Mr. Kerr.

Second, the sexual harassment allegations against Mr. Kerr in the Amended Complaint constitute a Sexual Harassment Dispute under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act. *See* ECF no. 29 (Plaintiff's Opposition to Defendants' Motion to Dismiss). This case relates to the Sexual Harassment Dispute. Therefore, Everyrealm's forced AER is invalid and unenforceable in this case. *See* 9 U.S.C. § 402(a) ("Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute . . . no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.").

Rather than restate the remainder of Mr. Johnson's arguments here, I direct the Court's attention to Defendant's Opposition to Plaintiff's Motion to Compel Arbitration (ECF no. 13). The arguments made therein apply equally to Defendant Mr. Kerr.

Regards,

*/s/ Shane Seppinni*
Shane Seppinni

Seppinni LLP
(347) 378-5655
shane@seppinnilaw.com

2