UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

| | |
|---|---|
| TEYO JOHNSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| -against- | : |
| | : |
| EVERYREALM INC., COMPOUND ASSET | : |
| MANAGEMENT LLC, REALM METAVERSE | : |
| REAL ESTATE INC., REPUBLIC, REPUBLIC | : |
| CRYPTO LLC, REPUBLIC REALM MANAGER | : |
| LLC, REPUBLIC REALM INC., REPUBLIC | : |
| OPERATIONS LLC, OPENDEAL INC., | : |
| OPENDEAL PORTAL LLC, JULIA | : |
| SCHWARTZ in her individual and professional | : |
| capacities, WILLIAM KERR in his individual and | : |
| professional capacities, and JANINE YORIO in | : |
| her individual and professional capacities. | : |
| | : |
| | : |
| Defendants. | : |

Case No. 1:22-cv-06669(PAE)(GWG)

**ORAL ARGUMENT REQUESTED**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

<u>**MEMORANDUM IN SUPPORT OF EVERYREALM INC.,**
**JULIA SCHWARTZ, WILLIAM KERR, AND JANINE YORIO'S**
**MOTION FOR PARTIAL DISMISSAL OF**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**</u>

PROSKAUER ROSE LLP

Lloyd B. Chinn, Esq.
Eleven Times Square
New York, NY 10036
(212) 969-3000
(212) 969-2900 (Fax)
lchinn@proskauer.com
*Attorneys for Everyrealm Inc.*
*(f/k/a Republic Realm Inc.),*
*Julia Schwartz, William Kerr,*
*and Janine Yorio*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

LEGAL STANDARD ............................................................................................................ 2

ARGUMENT .......................................................................................................................... 3

I.    Johnson's Race, Ethnicity and Color Discrimination Claims Under Section 1981, the NYEPL, NYSHRL, the NYCHRL and Title VII Are Implausible. .................................. 4

    a.    Racially Hostile Work Environment ........................................................ 4

    b.    Compensation ............................................................................................ 10

    c.    Less Favorable Work Assignments ......................................................... 11

    d.    Termination ................................................................................................. 12

II.    Johnson Does Not Allege Severe and Pervasive Sexual Harassment. ............................. 13

III.    Johnson's SAC Is Devoid of Any Assertion of Protected Activity Under Title VII. ........ 15

IV.    Johnson Does Not Allege Extreme and Outrageous Behavior Sufficient to Allege a Claim for Intentional Infliction of Emotional Distress. ................................................... 16

V.    Johnson's Aiding and Abetting Claims Fail as a Matter of Law. .................................... 18

VI.    Johnson Fails to Plausibly Allege Individual Liability Against Ms. Schwartz or Mr. Kerr, and as to the Seventh Cause of Action, Mrs. Yorio Too. .................................................. 19

    a.    Section 1981 Against Ms. Schwartz. ....................................................... 20

    b.    New York Equal Pay Law, and Race and Color Discrimination, Including Any Claim of a Hostile Work Environment, Under the NYSHRL and NYCHRL Against Ms. Schwartz and Mr. Kerr ..................................................... 21

    c.    Sexual Harassment and Gender Discrimination Under the NYSHRL and NYCHRL Against Ms. Schwartz and Mr. Kerr. ...................................... 21

    d.    NYLL § 740 Claims Against Mr. Kerr, Mrs. Yorio and Ms. Schwartz ................ 23

CONCLUSION ....................................................................................................................... 23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Allen v. Denver Pub. Sch. Bd.,*
  928 F.2d 978 (10th Cir. 1991) ...............................................................20

*Anderson v. Davis Polk & Wardwell LLP,*
  850 F. Supp. 2d 392 (S.D.N.Y. 2012)...................................................22

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)..............................................................................2, 3

*Beachum v. AWISCO N.Y.,*
  785 F. Supp. 2d 84 (S.D.N.Y. 2011).....................................................12

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)....................................................................2, 3, 4, 20

*Benjamin v. N.Y. Dep't of Health,*
  No. 99 Civ. 12345, 2002 WL 485731 (S.D.N.Y. Mar. 29, 2002)  .........16

*Bermudez v. City of N.Y.,*
  783 F. Supp. 2d 560 (S.D.N.Y. 2011).....................................................9

*Bliss v. MXK Rest. Corp.,*
  220 F. Supp. 3d 419 (S.D.N.Y. 2016).....................................................18

*Clark Cnty. Sch. Dist. v. Breeden,*
  532 U.S. 268 (2001)...............................................................................14

*Colon v. Fashion Inst. of Tech.,*
  983 F. Supp. 2d 277 (S.D.N.Y. 2013).....................................................9

*Cowan v. City of Mt. Vernon,*
  95 F. Supp. 3d 624 (S.D.N.Y. 2015).......................................................17

*Craven v. N.Y.,*
  No. 19-CV-1486 (JMF), 2020 WL 2765694 (S.D.N.Y. May 28, 2020) ................11

*Dabney v. Christmas Tree Shops,*
  958 F. Supp. 2d 439 (S.D.N.Y. 2013), *aff'd sub nom. Dabney v. Bed Bath &*
  *Beyond,* 588 F. App'x 15 (2d Cir. 2014) ...............................................8

*Daniels v. Health Ins. Plan,*
  No. 02 Civ. 6054 (MBM), 2005 WL 1138492 (S.D.N.Y. Apr. 27, 2005) ..............16

*Dayes v. Pace Univ.*,
   No. 98 Civ. 3675 (WHP), 2000 WL 307382 (S.D.N.Y. Mar. 24, 2000), *aff'd*,
   2 F. App'x 204 (2d Cir. 2001) ............................................................................15

*Duff v. Pristine Servs., Inc.*,
   No. 19-CV-10423, 2021 WL 663981 (S.D.N.Y. Feb. 19, 2021)............................................10

*EEOC v. Port Auth. of N.Y. & N.J.*,
   768 F.3d 247 (2d Cir. 2014)........................................................................3, 11

*Erasmus v. Deutsche Bank Ams. Holding Corp.*,
   No. 15 CIV. 1398 (PAE), 2015 WL 7736554 (S.D.N.Y. Nov. 30, 2015).........................13, 15

*Fleming v. N.Y.*,
   No. 18 Civ. 4866 (GBD), 2019 WL 4392522 (S.D.N.Y. Aug. 27, 2019) ............................20

*Gaughan v. Rubenstein*,
   261 F. Supp. 3d 390 (S.D.N.Y. 2017)................................................................15

*Gebhardt v. Allspect, Inc.*,
   96 F. Supp. 2d 331 (S.D.N.Y. 2000)..................................................................3

*Gerzog v. London Fog Corp.*,
   907 F. Supp. 590 (E.D.N.Y. 1995) ..................................................................17

*Godwin v. Sirva, Inc.*,
   291 F. Supp. 3d 245 (E.D.N.Y. 2018) ...............................................................18

*Gold v. Titlevest Agency LLC*,
   No. 18-CV-935, 2020 WL 2835570 (S.D.N.Y. June 1, 2020) ..........................................8

*Goodwine v. City of N.Y.*,
   No. 15-CV-2868 (JMF), 2016 WL 3017398 (S.D.N.Y. May 23, 2016) ...................................9

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2007)...........................................................................3

*Hicks v. IBM,*
   44 F. Supp. 2d 593 (S.D.N.Y. 1999)..................................................................20

*Inman v. v. City of N.Y.*,
   No. 08 CV 8239 (DAB), 2011 WL 4344015 (S.D.N.Y. Sept. 13, 2011) ................................9

*Jaffe v. Nat'l League for Nursing*,
   222 A.D.2d 233 (1st Dep't 1995).....................................................................17

*Johnson v. Andy Frain Sers.*,
   638 F. App'x 68 (2d Cir.) (2016).....................................................................10

*Kairam v. W. Side Gi, LLC*,
  No. 18 Civ. 1005 (AT)(SDA), 2022 U.S. Dist. LEXIS 196011(S.D.N.Y. Oct.
  27, 2022) .......................................................................................................................1

*Kaytor v. Elec. Boat Corp.*,
  609 F.3d 537 (2d Cir. 2010) ........................................................................................14

*Kim v. Goldberg, Weprin, Finkel, Goldstein, LLP*,
  120 A.D.3d 18 (1st Dep't 2014) ..................................................................................22

*Leibovitz v. N.Y.C. Transit Auth.*,
  252 F.3d 179 (2d Cir. 2001)...........................................................................................8

*Livingston v. Roosevelt Union Free Sch. Dist.*,
  No. 17-CV-4189 (JMA) (SIL), 2020 WL 1172642 (E.D.N.Y. Jan. 15, 2020)........................9

*Llanos v. City of N.Y.*,
  129 A.D.3d 620 (1st Dep't 2015) ..............................................................................5, 22

*Lombardo v. Dr. Seuss Enters., L.P.*,
  No. 16 Civ. 9974 (AKH), 2017 WL 1378413 (S.D.N.Y. Apr. 7, 2017)...................................1

*Lore v. City of Syracuse*,
  670 F.3d 127 (2d Cir. 2012)..........................................................................................16

*Lucas v. S. Nassau Cmtys. Hosp.*,
  54 F. Supp. 2d 141 (E.D.N.Y. 1998) .............................................................................15

*Lydeatte v. Bronx Overall Econ. Dev. Corp.*,
  No. 00 Civ. 5433 (GBD), 2001 WL 180055 (S.D.N.Y. Feb. 22, 2001) .................................17

*Macias v. Barrier Free Living, Inc.*,
  No. 16 Civ. 1735 (ER), 2018 WL 1603566 (S.D.N.Y. Mar. 28, 2018)...................................15

*Marshall v. N.Y.C. Bd. of Elections*,
  322 F. App'x 17 (2d Cir. 2009) .....................................................................................14

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
  715 F.3d 102 (2d Cir. 2013)............................................................................................5

*Murray v. Visiting Nurse Servs.*,
  528 F. Supp. 2d 257 (S.D.N.Y. 2007)............................................................................14

*Nachmany v. FXCM, Inc.*,
  No. 91 Civ. 1235 (MJL), 2020 WL 178413 (S.D.N.Y. Jan. 9, 2020)......................................6

*O'Dell v.. Trans. World Ent. Corp.*,
  153 F. Supp. 2d 378 (S.D.N.Y. 2001)............................................................................14

*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*,
    712 F.3d 705 (2d Cir. 2013) ................................................................................................. 6

*Prince v. Cablevision Sys. Corp.*,
    No. 04-CV-8151 (RWS), 2005 WL 1060373 (S.D.N.Y. May 6, 2005) ................................ 15

*Quinn v. Green Tree Credit Corp.*,
    159 F.3d 759 (2d Cir. 1998) (abrogated on other grounds) ................................................. 14

*Ramirez v. Temin & Co.*,
    No. 20 Civ. 6258 (ER), 2021 WL 4392303 (S.D.N.Y. Sept. 24, 2021) .............................. 16

*Robinson v. Dibble*,
    613 F. App'x 9 (2d Cir. 2015) ............................................................................................. 14

*Ruggerio v. Dynamic Elec. Sys.*,
    No. 12 Civ. 100, 2012 WL 3043102 (E.D.N.Y. July 25, 2012) ............................................. 8

*Salvatore v. KLM Royal Dutch Airlines*,
    No. 98 Civ. 2450 (LAP), 1999 WL 796172 (S.D.N.Y. Sept. 30, 1999) ............................... 17

*Shah v. Wilco Sys., Inc.*,
    27 A.D.3d 169 (1st Dep't 2005) .......................................................................................... 10

*Smith v. Local 819 I.B.T. Pension Plan*,
    291 F.3d 236 (2d Cir. 2002) .................................................................................................. 3

*Sosa v. Medstaff, Inc.*,
    No. 12 Civ. 8926 (NRB), 2013 WL 6569913 (S.D.N.Y. Dec. 13, 2013) ............................... 9

*Strauss v. N.Y. State Dep't of Educ.*,
    26 A.D.3d 67 (3d Dep't 2005) ............................................................................................. 19

*Talwar v. Staten Island Univ. Hosp.*,
    610 F. App'x 28 (2d Cir. 2015) ........................................................................................... 10

*Vega v. Hempstead Union Free Sch. Dist.*,
    801 F.3d 72 (2d Cir. 2015) .................................................................................................. 10

*Vito v. Bausch & Lomb, Inc.*,
    403 F. App'x 593 (2d Cir. 2010) ......................................................................................... 14

*Watson v. Paulson*,
    578 F. Supp. 2d 554 (S.D.N.Y. 2008) ................................................................................. 12

*Whidbee v. Garzarelli Food Specialties, Inc.*,
    223 F.3d 62 (2d Cir. 2000) .................................................................................................. 20

*Williams v. N.Y. City Hous. Auth.*,
  61 A.D.3d 62 (1st Dep't 2009) .............................................................................11, 12

*Wolff v. Rare Medium, Inc.*,
  210 F. Supp. 2d 490 (S.D.N.Y. 2002).........................................................................6

*Xiang v. Eagle Ent., LLC*,
  No. 19 Civ. 1752 (PAE), 2020 WL 248941 (S.D.N.Y. Jan. 16, 2020)...................18

**STATUTES**

42 U.S.C. § 1981 ................................................................................................ passim

Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e ..................................... passim

Equal Pay Act, 29 U.S.C. § 206.........................................................................10

New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 .................... passim

New York State Equal Pay Law, N.Y. LAB. LAW § 194 ..................................... passim

New York State Human Rights Law, N.Y. EXEC. LAW § 296 ............................. passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12..............................................................................................1, 13, 15

## PRELIMINARY STATEMENT

Johnson's Second Amended Complaint is filled with legally inconsequential and conclusory assertions, and, consequently, the bulk of Johnson's claims should be dismissed.[1] The Court should dismiss Johnson's claims for: Section 1981 Race and Color Discrimination; disparate pay under the New York Equal Pay Law; Race and Color Discrimination under the NYSHRL and NYCHRL; Title VII Race, Gender and Color Discrimination, Sexual Harassment, and Retaliation;[2] Aiding and Abetting under the NYSHRL and NYCHRL; Intentional Infliction of Emotional Distress ("IIED"); and all claims seeking to impose individual liability against Ms. Schwartz and Mr. Kerr, and as to the Seventh Cause of Action, Mrs. Yorio too.[3]

Johnson's claims of race discrimination and harassment are implausible for a number of reasons. Namely, the majority of the remarks Johnson contends constitute racial harassment are facially neutral and there are no plausible assertions connecting such claims to Johnson's race, ethnicity, or color; and, Johnson was not aware of a number of the purportedly offensive remarks until after his discharge – thus these assertions may not form the basis of a hostile work environment. As it concerns his claim of race discrimination, Johnson fails to sufficiently allege he was treated less well because of his race under city and state law, let alone that he was treated less favorably than a similarly situated comparator under Title VII.

---

[1] The Everyrealm Defendants request that the due date for any required answer be extended until fourteen days following a decision on this Motion. *See Kairam v. W. Side Gi, LLC*, No. 18 Civ. 1005 (AT)(SDA), 2022 U.S. Dist. LEXIS 196011, *2 (S.D.N.Y. Oct. 27, 2022) ("The general view in this district is that a defendant who brings a partial motion to dismiss is not required to answer."); *see also Lombardo v. Dr. Seuss Enters., L.P.*, No. 16 Civ. 9974 (AKH), 2017 WL 1378413, at *4 (S.D.N.Y. Apr. 7, 2017) ("A party may file a motion to dismiss only certain claims—*i.e.*, a partial motion to dismiss—and the filing of any motion under Rule 12 postpones a defendant's time to answer until fourteen days after the motion is decided.") (citation omitted).

[2] Johnson does not assert claims for retaliation under the NYCHRL or NYSHRL.

[3] The Everyrealm Defendants accept Johnson's factual assertions as true for purposes of this Motion, but vehemently deny that any of the purported misconduct ever occurred.

Johnson's claim for sexual harassment under Title VII, as described in the Everyrealm Defendants' prior Motion to Dismiss, and once more restated herein, does not meet the statute's "severe and pervasive" standard. (See doc. 34).

Regarding his Title VII retaliation claim, Johnson makes no assertion that he engaged in protected activity as defined by the statute.

He also fails to sufficiently allege that he suffered from sufficiently extreme and outrageous conduct to state a claim for IIED under New York Law.

Regarding his aiding and abetting claims, to the extent such claims are derivative of causes of action to be dismissed by this Motion, the aiding and abetting claims too should be dismissed. And, even if the Court does not dismiss these claims, though it should, Johnson does not allege Mr. Kerr, Mrs. Yorio, or Ms. Schwartz encouraged, incited, or coerced any other individual(s) to discriminate against or harass Johnson, and he cannot pursue aiding and abetting claims against Everyrealm, Mr. Kerr, Mrs. Yorio, and Ms. Schwartz based on conduct they themselves purportedly committed.

Finally, Johnson fails to assert sufficient facts to establish individual liability against Mr. Kerr and Ms. Schwartz under any theory, and against Mrs. Yorio in his Seventh Cause of Action.

In light of the foregoing, the Court should grant the Everyrealm Defendants' Motion for Partial Dismissal.

## <u>LEGAL STANDARD</u>

To survive a motion to dismiss, Johnson's Second Amended Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). Plausibility depends on whether the "plead[ed] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). While the Court presumes as true all facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff, this presumption does not apply to "'legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2007) (quoting *Iqbal*, 556 U.S. at 678); *see also Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240 (2d Cir. 2002) ("legal conclusions masquerading as factual conclusions will not suffice") (quoting *Gebhardt v. Allspect, Inc.,* 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000)). Indeed, "while a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination . . . it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (internal citations and quotations omitted).

## **ARGUMENT**

The Court should dismiss Johnson's claims for: Section 1981 Race and Color Discrimination; disparate pay under the New York Equal Pay Law; Race and Color Discrimination under the NYSHRL and NYCHRL; Title VII Race, Gender and Color Discrimination, Sexual Harassment, and Retaliation; Aiding and Abetting under the NYSHRL and NYCHRL; IIED; and individual liability against Ms. Schwartz and Mr. Kerr, and as to the Seventh Cause of Action, Mrs. Yorio too. The paltry facts advanced by Johnson in support of each respective theory fail to plausibly state a claim for relief. Indeed, Johnson's claims are nothing more than conclusory assertions under the guise of factual statements, and, to the extent Johnson alleged certain factual assertions – they do not "nudge [his] claims across the line from

conceivable to plausible." *Twombly*, 550 U.S. at 570.

I.      **Johnson's Race, Ethnicity and Color Discrimination Claims Under Section 1981, the NYEPL, NYSHRL, the NYCHRL and Title VII Are Implausible.**

In his Second Amended Complaint ("the SAC"), Johnson fails to allege conduct by the Everyrealm Defendants that would constitute race, ethnicity or color discrimination, including a hostile work environment, whether under state, city or federal law. Indeed, Johnson does not plausibly allege he was treated less well because of his race, let alone less favorably than a similarly situated comparator outside of his protected class. Nor does he allege he was privy to much of the purportedly race-based harassment during his employment. And, to the extent Johnson was privy to certain comments – they had nothing to do with his race, ethnicity or the color of his skin. The Court should therefore dismiss Johnson's claims of race, ethnicity and color discrimination.

Johnson alleges he was discriminated against by Everyrealm, Mrs. Yorio, and Ms. Schwartz because of his race, ethnicity and color when he was subjected to a hostile work environment, disparate pay, and provided "less favorable work assignments based on his race," and ultimately, was discharged. (See doc. 68 at First, Second, Third, Fourth and Eleventh Causes of Action). However, despite the handful of legal conclusions scattered about Johnson's SAC, he has asserted insufficient facts to plausibly state a claim under any of these theories.

a.      **Racially Hostile Work Environment**

The Court should dismiss Johnson's claim that he was subjected to a racially hostile work environment. Indeed, many of the alleged comments are plainly race-neutral and cannot reasonably be inferred to concern his race, ethnicity, or color. And, Johnson was not aware of the remaining comments during his employment – thus they cannot form the basis of a hostile work environment.

4

Johnson specifically asserts he was subjected to a racially hostile work environment based on the following: 1. Mrs. Yorio stated she was "part Black"[4] (See doc. 68 at ¶ 49).; 2. Unbeknownst to Johnson during his Everyrealm employment (and apparently not until Katherine Yost too became represented by Counsel for Johnson), Mrs. Yorio allegedly stated Johnson, "is the whitest black guy [she'd] ever met." (See doc. 68 at ¶ 42); 3. Mrs. Yorio threatened to "trade" Johnson (a former NFL player (See doc. 68 at ¶¶ 35–36)) "numerous times." (See doc. 68 at ¶¶ 145 & 146); 4. Immediately prior to Johnson's discharge, Ms. Yorio allegedly stated - "[Johnson] needs to go. He is not a good representative for us. He isn't smart, he doesn't know asset management and he absolutely does not know our industry. He does not put our best foot forward." (See doc. 68 at ¶ 149); 5. After Johnson's termination and outside of his presence, Ms. Yorio also allegedly stated in reference to Johnson that "it's worse to have a stupid Black person on the team because then you're really just exploiting them and making it look like you're trying to be diverse." (See doc. 68 at ¶ 155); and 6. Referred to Johnson as "'expensive' to other Everyrealm employees."[5] (See doc. 68 at ¶ 158).  However, even accepting these false assertions as true for the purposes of this Motion, Johnson's claim for a racially hostile work environment should be dismissed.

To state a claim for a racially hostile work environment, the plaintiff must assert factual allegations sufficient to infer that "the conduct is *caused* by a discriminatory motive." *Mihalik v. Credit Agricole Cheuvreux N. Am. Inc*., 715 F.3d 102, 110 (2d Cir. 2013) (emphasis added); *see also Llanos v. City of N.Y.*, 129 A.D.3d 620, 620 (1st Dep't 2015) ("plaintiff's failure to adequately plead discriminatory animus is fatal to her claim of hostile work environment");

---

[4] Under no theory could this statement constitute race-based harassment. Indeed, Johnson himself describes the statement as "strange and potentially discriminatory." (See doc. 68 at ¶ 49).

[5] Johnson's SAC does not assert whether he was aware of this remark during his employment.

*Nachmany v. FXCM, Inc.*, No. 91 Civ. 1235 (MJL), 2020 WL 178413, at *6 (S.D.N.Y. Jan. 9, 2020) (finding allegations were not "because of" protected characteristic and granting motion to dismiss on NYCHRL, NYSHRL and Title VII claims where (1) defendant called plaintiff "a dick"; (2) "changed Plaintiff's computer background to an image of a 'naked male with an erect penis, spreading his buttocks, with two hands, to expose his internal anatomy'"; and (3) "drew onto a photograph of Plaintiff a 'depiction of an individual placing his erect penis in front of Plaintiff's mouth to simulate oral sex and defecation onto Plaintiff's head'").

Here, three of the five alleged remarks have absolutely nothing to do with Johnson's race, ethnicity, or color, thus he is unable to establish he was subjected to harassment *because of* a discriminatory motive. And, any argument he asserts otherwise is hollow. Indeed, mere conclusory allegations "characterizing the state of mind of another person" do not satisfy this standard. *See Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 360 (S.D.N.Y. 2002)*; see also Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc*., 712 F.3d 705, 719 (2d Cir. 2013). The Court should thus ignore Johnson's speculative and conclusory assertions that he was subjected to race-based harassment based on plainly racially neutral comments.

As it concerns the "trade" comment, Johnson self-proclaims he was a "highly touted National Football League ('NFL') draft pick" and "completed a successful career in the NFL." (See doc. 35 at ¶ 35). Johnson's assertion that the "trade" comment was because of his race is entirely conclusory and unsupported by factual assertions. (See doc. 68 at ¶¶ 145–148). Indeed, the only reasonable inference to be gleaned from this comment is that Mrs. Yorio joked with Johnson by comparing his performance with Everyrealm to his performance as a professional football player – not that she believed she "owned" him or made the comment because he is

Black.[6]  Regarding the fourth comment, Johnson does not plausibly assert any facts that Mrs.

Yorio stated Johnson should be discharged and "is not a good representative . . . doesn't know

asset management . . . does not know [Everyrealm's] industry . . . [and] does not put

[Everyrealm's] best foot forward" because of his race, ethnicity, or color.  Indeed, Johnson offers

only the following conclusory assertions: "The only meaningful difference between Mr. Johnson

and the other employees in external facing roles . . . is that Mr. Johnson is Black."; Ms. Yorio

calling Johnson "not smart" is "absurd" because he went to Stanford and purportedly had prior

business success; the statement that Johnson "does not put [Everyrealm's] best foot forward" is a

racist trope; and the digital real estate industry is new, thus no one knows it. (See doc. 68 at ¶¶

149–153). These characterizations can only be described as speculative, conclusory, and

baseless. Indeed, Mrs. Yorio's comments strictly concern Johnson's performance and have no

explicit or implied connection whatsoever to his appearance, thus there can be no inference of

race discrimination. The same conclusion is warranted with respect to Johnson's implausible

claim that Mrs. Yorio referred to him as "expensive" to "imply that she owned" him. (See doc.

68 at ¶¶ 158–161).[7]

Johnson is thus left with only two comments in support of his racially hostile work

environment claim – that, unbeknownst to Johnson until well-after his termination, Mrs. Yorio

referred to Johnson as "the whitest Black guy" she had ever met, and later attempted to justify

Johnson's purportedly "discriminatory termination" when she referred to him outside of his

---

[6] By way of example, if the owner of a professional sports team threatened to trade a minority player, even a highly performing player, such conduct would clearly not constitute race-based harassment. Given the degree to which Johnson himself touts his former NFL experience in his pleadings in this case, the conclusion here shouldn't be any different.

[7] Johnson's claim that "there can be no reason why Ms. Yorio called Mr. Johnson 'expensive' aside from irrelevant racial prejudice" is entirely conclusory. Even if Johnson was the "lowest paid director at Everyrealm," Mrs. Yorio referring to him as "expensive" has absolutely nothing to do with his race, ethnicity or color – and there are no allegations connecting this remark to his protected characteristics.

presence (and after his termination) as a "stupid Black person."  First, it is axiomatic that

Johnson cannot have been subjected to a racially hostile work environment based on post-

termination remarks, and his allegation as it concerns the "stupid Black person" comment thus

fails to lend any support to his claim. *See Ruggerio v. Dynamic Elec. Sys.*, No. 12 Civ. 100, 2012

WL 3043102, at *9 (E.D.N.Y. July 25, 2012) ("The January 2011 reference had no effect upon

plaintiff's work environment, her working conditions or her ability to perform her job—the

hallmarks of a hostile work environment—because her employment ended in January 2010.").

Second, even if Johnson attempts to contort the foregoing allegation by asserting the comment

was made pre-discharge, he does not allege he was aware of this comment or the "whitest Black

guy" remark during his employment, and his claim fails once more. "It is well established that

Title VII's and the NYSHRL's 'prohibition against hostile work environment discrimination

affords no claim to a person who experiences it by hearsay.'" *Gold v. Titlevest Agency LLC*, No.

18-CV-935, 2020 WL 2835570, at *9 (S.D.N.Y. June 1, 2020) (citing *Leibovitz v. N.Y.C. Transit

Auth.*, 252 F.3d 179, 182 (2d Cir. 2001)). To consider conduct not experienced by a plaintiff, the

conduct must still "affect[] or concern[] the plaintiff[.]" *Id.* (Plaintiff could establish hostile work

environment if "'colleagues repeatedly mocked [plaintiff's] sexual orientation behind his back'"

and "'plaintiff learned about this behavior"); *see also Dabney v. Christmas Tree Shops*, 958 F.

Supp. 2d 439, 459 (S.D.N.Y. 2013), *aff'd sub nom. Dabney v. Bed Bath & Beyond*, 588 F. App'x

15 (2d Cir. 2014) (conduct occurring when plaintiff was not present and learned about through

hearsay could not adversely affect the terms and conditions of employment). Moreover, Johnson

not only fails to allege he was aware of the remarks during his employment, he expressly alleges

that he only became aware of them after his discharge. (See doc. 68 at ¶¶ 42 & 155). His claim

fails accordingly.

Finally, even if Johnson was able to somehow plausibly allege these remarks were because of his race, and that he was aware of them during his employment, they amount to nothing more than "petty slights and trivial inconveniences", which are not actionable even under the NYCHRL. Indeed, any number of courts have dismissed harassment claims presenting allegations far more serious than those present here.[8] *See Goodwine v. City of N.Y.*, No. 15-CV-2868 (JMF), 2016 WL 3017398, at **8-9 (S.D.N.Y. May 23, 2016) (allegation plaintiff was "referred to as a 'cunt' and 'bitch' by a manager . . . that she was once asked rhetorically if she was 'smoking crack' (a comment that she perceived to be racial) . . . and that she was referred to as 'shit girl,'" fail to allege hostile work environment under NYCHRL and were "stray remarks using nominally gendered or racial language") (internal citations omitted); *Colon v. Fashion Inst. of Tech.*, 983 F. Supp. 2d 277, 292 (S.D.N.Y. 2013) (allegations that plaintiff was subject to "intense scrutiny and micro-management on a daily basis" and reprimanded more harshly than white employees "do not rise above the level of 'petty slights and trivial inconveniences'"); *Inman v. v. City of N.Y.*, No. 08 CV 8239 (DAB), 2011 WL 4344015, at *7 (S.D.N.Y. Sept. 13, 2011) (calling plaintiff, along with others, "loads," as in "loads of shit," and "lazy," consisted of nothing more than "petty-slights and inconveniences"); *Bermudez v. City of N.Y.*, 783 F. Supp. 2d 560, 604-05 (S.D.N.Y. 2011) ("statements about women and Hispanics, while deeply offensive, are '"petty slights and inconveniences'").[9]

---

[8] Defendants cite NYCHRL cases given the recent amendments to the NYSHRL, effective October 11, 2019, that removed the "severe or pervasive" standard to more closely track the lower-threshold NYCHRL standard for hostile work environment claims. *Livingston v. Roosevelt Union Free Sch. Dist.*, No. 17-CV-4189 (JMA) (SIL), 2020 WL 1172642, at *11 (E.D.N.Y. Jan. 15, 2020), *report and recommendation adopted*, No. 17-CV-4189 (JMA) (SIL), 2020 WL 1166450 (E.D.N.Y. Mar. 11, 2020) (2019 amendments to the NYSHRL "effectively rendered the standard for claims thereunder closer to that of the New York City Human Rights Law").

[9] As the claims fail under the NYCHRL, they fail under the more stringent Title VII and § 1981 standards. *See Sosa v. Medstaff, Inc.*, No. 12 Civ. 8926 (NRB), 2013 WL 6569913, at *5-6 (S.D.N.Y. Dec. 13, 2013) (§ 1981 and Title VII analyzed under same standard and dismissing race-based hostile work environment claim where plaintiff's

In light of the foregoing, the Court should dismiss Johnson's claims for a racially hostile work environment under the NYCHRL and NYSHRL.

### b.    Compensation

Even under the more lenient NYCHRL, Johnson fails to plausibly allege he was paid less than other employees because of his protected characteristic. Namely, Johnson fails to identify a named comparator who was paid more than he was, let alone one who performed similar work.

Johnson's allegations on this score are both conclusory and speculative. Indeed, he only alleges that "White Directors in roles substantially similar to his were paid [more] . . . ." and "Defendants even paid a 23-year-old Strategic Partnerships Associate beneath Mr. Johnson more in base salary than they paid him for no discernible reason other than his race." Such threadbare allegations are plainly insufficient to establish Johnson was paid less than a comparator outside of his protected class who performed similar work as required under the NYCHRL, NYSHRL, and NYEPL.[10]

Separately, Johnson fails to allege any facts "suggesting an inference of discriminatory motive" for the alleged pay discrepancy. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015); *Johnson v. Andy Frain Sers.*, 638 F. App'x 68 (2d Cir.) (2016) (summary order) (affirming dismissal of NYCHRL claim where plaintiff failed to plausibly allege connection between employer's actions and her protected characteristic); *Shah v. Wilco Sys., Inc.*,

---

claim was "based on only two comments," including "'You look like Urckle'" and "'You're so street, Eddie'"); *see also Duff v. Pristine Servs., Inc.*, No. 19-CV-10423, 2021 WL 663981, at *2 (S.D.N.Y. Feb. 19, 2021) (graffiti plaintiff encountered at the job site which "included a racial epithet derogatory to African Americans and a reference to the KKK" insufficient to establish hostile work environment).

[10] To establish an NYEPL claim, plaintiff must plausibly assert that, *inter alia*, (1) Everyrealm paid different wages to employees of outside of Johnson's protected characteristics; (2) for equal work on jobs requiring equal skill, effort, and responsibility; and (3) which are performed under similar working conditions. *See Talwar v. Staten Island Univ. Hosp.*, 610 F. App'x 28, 30 (2d Cir. 2015) ("*Talwar I*"). *See Id.* at 31, n.2. (NYSPEL claim "analyzed under same standards applicable to the federal Equal Pay Act.").

27 A.D.3d 169, 176 (1st Dep't 2005) (granting summary judgment on NYCHRL disparate pay

claim and holding that "where the claim is based on disparate pay, a plaintiff must first set forth a

prima facie case of discrimination, i.e., that he is a member of a protected class and that he was

paid less than similarly-situated non-members of the class."). Johnson merely alleges that a

younger, white employee was paid more than him. However, Johnson does not allege that the

individual had similar responsibilities, a comparable remote work agreement, and equal or lesser

credentials, let alone that the individual was employed at the same time as Johnson. *See, e.g.,*

*Craven v. N.Y.*, No. 19-CV-1486 (JMF), 2020 WL 2765694, at *5 (S.D.N.Y. May 28, 2020)

(analyzing whether plaintiff plausibly asserted she was paid less than a comparator who

performed similar work under the NYCHRL). Stated differently, Johnson's mere speculative

allegation is that a younger, white employee with a similar job title was paid more than him –

which is insufficient as a matter of law to state a claim of pay discrimination under the NYCHRL

and NYSHRL, let alone the higher burdens required by Title VII and Section 1981. *See EEOC*,

768 F.3d at 255 ("Job content and not job title or description is the central concern of a [pay

discrimination] claim.").

    **c.**    **Less Favorable Work Assignments**

    There is not a single factual assertion in Johnson's SAC connecting his race to any "less

favorable" work assignment, and Johnson's claim fails accordingly. *See Williams v. N.Y. City*

*Hous. Auth.*, 61 A.D.3d 62, 78 (1st Dep't 2009) (stating that plaintiff must prove that they are

treated "less well than other employees because of [their protected class].") The only potentially

applicable assertion is that Johnson was "transferred . . . away from Strategic Partnerships into a

less desirable Asset Management role" after sitting through a "sexually harassing verbal assault."

(See doc. 68 at ¶¶ 113 & 116).  Yet, that fictional assertion has no mention of Johnson's race, color or ethnicity, and this theory should be dismissed as a matter of law.[11]

### d.      Termination

The Court should dismiss Johnson's race-based termination claim because he fails to plausibly allege, even under the NYCHRL, that he was treated "less well" than other employees because of his race. *See Williams*, 61 A.D.3d at 78. Indeed, Johnson alleges that Mrs. Yorio discharged Johnson under the pretext of poor performance (See doc. 68 at ¶¶ 149–153), but other than Johnson's conclusory assertion that Mrs. Yorio criticized his performance because of his race (*See* Section I.a, *supra*), his SAC is devoid of any allegations connecting his race to his discharge. To the extent Johnson points to Mrs. Yorio's post-discharge comment as evidence of discrimination, whether direct[12] or circumstantial, such an assertion is implausible even when viewing the remark with all available inferences in Johnson's favor. Indeed, Mrs. Yorio's purported remark is not evidence of discrimination at all – she allegedly stated that, had Everyrealm not discharged Johnson because he is Black – despite his poor performance, the Company would be engaging in performative diversity. Such a remark in no way indicates that Mrs. Yorio terminated Johnson because of his race, color or ethnicity.

Johnson's First, Second, Third, Fourth and Eleventh Causes of Action fail accordingly.

---

[11] Even if the Court were to find Johnson managed to state a claim under state or city law, Johnson's conclusory assertion that he was transferred to a "less desirable position" does not constitute an adverse employment action under Title VII or Section 1981. *See Watson v. Paulson*, 578 F. Supp. 2d 554, 563 (S.D.N.Y. 2008) ("A transfer that is truly lateral and involves no significant changes in an employee's conditions of employment is not an adverse employment action regardless of whether the employee views the transfer negatively.").

[12] *See Beachum v. AWISCO N.Y.*, 785 F. Supp. 2d 84, 93 n. 3 (S.D.N.Y. 2011) ("The Second Circuit has noted that 'direct evidence' in this sense would roughly equate to a 'smoking gun' indicating that a plaintiff's firing was discriminatory, and that such evidence is typically unavailable in employment discrimination cases.") (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 76 (2d Cir. 2001)).

II.     **Johnson Does Not Allege Severe and Pervasive Sexual Harassment.**

To plausibly allege a claim for sexual harassment under Title VII, the plaintiff must sufficiently allege the conduct was "severe and pervasive." Johnson fails to make such assertions, and the Court should dismiss his Ninth Cause of Action.

This Court has previously addressed substantially more serious sexual harassment allegations than those present in this case and dismissed the claim under Title VII on a Rule 12 motion. *Erasmus v. Deutsche Bank Ams. Holding Corp.*, No. 15 CIV. 1398, 2015 WL 7736554, at *6 (S.D.N.Y. Nov. 30, 2015) (Engelmayer, J.). The conduct at issue in *Erasmus* included: (i) "leer[ing] at [plaintiff] in a sexual manner"; (ii) commenting to plaintiff that he was "having so much sex all the time," (iii) advising plaintiff, "To get into a nightclub just put a sock in your pants and pretend like you have a really big dick," then motioning to plaintiff and "pointing to his penis," (iv) on several occasions, "pretend[ing] to hold his penis while pointing it at [plaintiff] and (v) making "inappropriate sexual comments to [plaintiff]." The allegations at issue in *Erasmus* are, by several orders of magnitude, far more serious than those alleged by Johnson. They involved conduct and statements directed at the plaintiff plainly relating to sex with the plaintiff. And there was physical conduct (leering, pointing at plaintiff's penis and pretending to hold his own), not mere statements. None of that is present here.

Johnson alleges approximately a half-dozen instances where he was made allegedly uncomfortable by discussions of other employees'/investors' sex lives and one (or possibly two) inquiries regarding his own sex life. Johnson does not allege he was ever physically touched, let alone touched in a sexually inappropriate manner. Nor does he allege Mrs. Yorio, Ms. Schwartz, or Mr. Kerr ever propositioned him for sexual or otherwise inappropriate encounters. The Court should accordingly dismiss Johnson's sexual harassment claim.

13

Indeed, Johnson does not even remotely allege conduct that would be, "so severe or pervasive as to alter the conditions of h[is] employment and create an abusive working environment." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001) (internal quotations and alterations omitted); *Kaytor v. Elec. Boat Corp.,* 609 F.3d 537, 547 (2d Cir. 2010). Courts within the Second Circuit routinely find that far more substantial allegations of "harassment" fail to satisfy this standard. *See Vito v. Bausch & Lomb, Inc.*, 403 F. App'x 593 (2d Cir. 2010) (rejecting Title VII hostile work environment claim because the alleged actions were just sporadic use of abusive language, gender-related jokes, occasional teasing, or workplace bullying); *Marshall v. N.Y.C. Bd. of Elections*, 322 F. App'x 17, 18 (2d Cir. 2009) (summary order) (finding no hostile work environment where homosexual supervisor showed plaintiff a "sexual device he had purchased for his partner," even though plaintiff "may have been legitimately offended" by such talk); *Robinson v. Dibble*, 613 F. App'x 9, 13 (2d Cir. 2015) (affirming dismissal where "evidence of crude and offensive comments directed at [plaintiff's] gender or mental health issues that were delivered sporadically by coworkers . . . while condemnable, did not rise to the level of creating an abusive and hostile workplace environment"); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 768 (2d Cir. 1998) (affirming dismissal of sexual harassment claim where a supervisor told the plaintiff that "she had been voted the 'sleekest ass'" in the office and touched the plaintiff's breasts with papers in his hand) (abrogated on other grounds); *Murray v. Visiting Nurse Servs.*, 528 F. Supp. 2d 257, 278–80 (S.D.N.Y. 2007) (male-to-male statements in the workplace such as "you're such a bitch," "good morning ladies," "when are you going to come out of the closet," and "are you ladies going to the parade?" insufficient to establish hostile work environment claim); *O'Dell v. Trans. World Ent. Corp.*, 153 F. Supp. 2d 378, 386 (S.D.N.Y. 2001) (dismissing sexual harassment claim

where a supervisor made comments about the plaintiff's appearance, "sent her e-mails professing his love for her, called her at work and at home, invited her to tour New York City with him, gave her three gifts, and played her a song that she found offensive"); *Macias v. Barrier Free Living, Inc.*, No. 16 Civ. 1735 (ER), 2018 WL 1603566, at *8 (S.D.N.Y. Mar. 28, 2018) (gossip about plaintiff's purported sexual relationships was not sufficiently severe or pervasive to alter conditions of employment); *Erasmus*, 2015 WL 7736554, at **5–7 (see above); *Prince v. Cablevision Sys. Corp.*, No. 04-CV-8151 (RWS), 2005 WL 1060373, at **2, 6-7 (S.D.N.Y. May 6, 2005) (dismissing a hostile work environment claim on a Rule 12(c) motion where an employee was subjected to "sex talk," and where a co-worker attempted to kiss the plaintiff and asked her to have sex with him); *Dayes v. Pace Univ.*, No. 98 Civ. 3675 (WHP), 2000 WL 307382, at **4–5 (S.D.N.Y. Mar. 24, 2000), *aff'd*, 2 F. App'x 204 (2d Cir. 2001) (granting summary judgment to defendant where plaintiff was subject to six sexual comments, multiple requests for dates, was screamed at by supervisor, and was touched on the back); *Lucas v. S. Nassau Cmtys. Hosp.*, 54 F. Supp. 2d 141, 147–49 (E.D.N.Y. 1998) (denying hostile work environment claim where supervisor touched plaintiff multiple times, asked about the color of plaintiff's underwear, said plaintiff wanted to "go to bed" with her, and said "fuck you" to plaintiff on two occasions). Johnson's claims fall well short of establishing "severe and pervasive" sexual harassment.

### III.    Johnson's SAC Is Devoid of Any Assertion of Protected Activity Under Title VII.

The Court should dismiss Johnson's Title VII retaliation claim, because he fails to allege he engaged in protected activity as defined by the statute.[13]  As stated previously, Johnson has

---

[13] Once more, Johnson has never asserted a NYCHRL or NYSHRL retaliation claim. However, to the extent the Court somehow interprets his claims to assert such a theory, those claims fail for the same reasons stated herein. *See Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 419 (S.D.N.Y. 2017) ("[E]ven under the broader NYCHRL retaliation

never alleged "sexual harassment-based retaliation." (See doc. 58 at p. 6).

As defined by Title VII, "protected activity" is defined so as to make it unlawful "for an employer to discriminate against any . . . employee[] . . . because [that individual] has opposed any practice" made unlawful by Title VII or has "made a charge, testified, assisted, or participated in" a Title VII investigation or proceeding. 42 U.S.C. § 2000e-3(a).

Notwithstanding the fact Johnson has now twice amended his Complaint, there is not a single assertion in Johnson's SAC providing that he opposed, objected to, or otherwise resisted conduct in violation of Title VII.[14] Without such a factual assertion, Johnson's retaliation claim fails as a matter of law. *See Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012) (stating that the plaintiff must have engaged in protected activity to state a Title VII retaliation claim).

The Court should dismiss Johnson's Tenth Cause of Action.

## IV.   Johnson Does Not Allege Extreme and Outrageous Behavior Sufficient to Allege a Claim for Intentional Infliction of Emotional Distress.

Johnson's SAC fails to allege "extreme and outrageous" behavior sufficient to state a claim of IIED.  Indeed, New York courts regularly deny IIED claims in employment discrimination cases. *See Daniels v. Health Ins. Plan*, No. 02 Civ. 6054 (MBM), 2005 WL 1138492, at *3 (S.D.N.Y. Apr. 27, 2005) (citing *Benjamin v. N.Y. Dep't of Health*, No.

---

provision, a plaintiff must still plead some facts that [his] employers' actions disadvantaged [him] and that the action was connected to [his] protected activity.").

[14] Johnson merely - and falsely - claims "[r]etaliation after Mr. Johnson reported that a proposed crypto gambling business initiative would violate multiple laws." (See Doc. 68 at ¶ 2). Nowhere does Johnson assert that he complained about (or objected to) purported sexual or race-based harassment or discrimination. Nor does he claim he was retaliated against in response to any such alleged protected activity. Johnson himself understandably could not point to a single reference in his FAC to any such assertion when this flaw was previously addressed by the Everyrealm Defendants. (See doc. 39).  While Johnson's SAC is now the operative Complaint, there are no new factual allegations when compared to the FAC. (See doc. 63). To the extent Johnson rests his argument on vague or ambiguous references in the SAC, they do not suffice. *See Ramirez v. Temin & Co.*, No. 20 Civ. 6258 (ER), 2021 WL 4392303, at *11 (S.D.N.Y. Sept. 24, 2021) ("Where a plaintiff's complaint is 'vague or ambiguous and does not sufficiently articulate the nature of the harassment, courts hold that a plaintiff has not engaged in protected activity.'").

99 Civ. 12345, 2002 WL 485731, at *9 (S.D.N.Y. Mar. 29, 2002) (denying plaintiff's IIED claim, which was based on allegations of "disparate treatment, humiliation, and insults" at the workplace); *Lydeatte v. Bronx Overall Econ. Dev. Corp.*, No. 00 Civ. 5433 (GBD), 2001 U.S. WL 180055, at **1–2 (S.D.N.Y. Feb. 22, 2001) (plaintiff claimed she had been harassed, denied benefits received by her Hispanic coworkers, wrongfully terminated, and retaliated against; the court held that while plaintiff might have an employment discrimination claim, the conduct alleged was insufficient to state a claim for IIED). What's more, "'[i]n the rare instances where the New York courts have found the complaint sufficient to state a claim for IIED in the employment context, the claims have been accompanied by allegations of sex discrimination, and more significantly, battery.'" *Cowan v. City of Mt. Vernon*, 95 F. Supp. 3d 624, 656 (S.D.N.Y. 2015); *see also Gerzog v. London Fog Corp.*, 907 F. Supp. 590, 604 (E.D.N.Y. 1995) (citing cases). While this Court held that Johnson plausibly asserted a claim for sexual harassment under the NYCHRL, there are no allegations of physical touching, and his IIED claim therefore fails.

Instructive here, in *Salvatore v. KLM Royal Dutch Airlines*, the court dismissed the plaintiffs' claims for IIED based on purported sexual harassment, even where "many of the plaintiffs allege that the harassing and discriminatory gibes were accompanied with minor physical abuse like the slapping of the back of the head, the placing of an arm around a female plaintiff, and the occasional grabbing of a female plaintiff's hip. As offensive as these alleged acts are, plaintiffs have not alleged that they were done with an intent to sexually harass or performed on a 'day in, day out basis.'" No. 98 Civ. 2450 (LAP), 1999 WL 796172, at *3 (S.D.N.Y. Sept. 30, 1999) (citing *Jaffe v. Nat'l League for Nursing*, 222 A.D.2d 233, 233 (1st Dep't 1995) (stating hard slap on plaintiff's backside sufficiently alleged tort of assault and

battery but declining to find IIED)). The claims in *Salvatore* were far more "outrageous" than those Johnson asserts here.

The Court should dismiss Johnson's IIED claim.

**V.      Johnson's Aiding and Abetting Claims Fail as a Matter of Law.**

Plaintiff's claims for aiding and abetting/inciting/compelling/coercing in violation of the NYSHRL and NYCHRL should be dismissed. Under the NYCHRL and NYSHRL, aiding and abetting liability is available only if: (1) "the individual defendant is considered an 'employer'", or (2) "aided and abetted the unlawful discriminatory acts of others." *Xiang v. Eagle Ent., LLC*, No. 19 Civ. 1752 (PAE), 2020 WL 248941, at \*5 (S.D.N.Y. Jan. 16, 2020).[15]  Johnson's aiding and abetting claims are legally implausible, and the Court should dismiss them accordingly.

First, to the extent such claims are derivative of the claims Everyrealm seeks to dismiss herein, the Court should dismiss the related aiding and abetting claims. *See Godwin v. Sirva, Inc.*, 291 F. Supp. 3d 245, 254 (E.D.N.Y. 2018) ("The reason section 296(6) requires a primary violation is intuitive – [w]here there has been no discrimination, there is nothing to aid or abet.").

Second, plaintiff does not allege that any of the individuals were aware of, let alone participated in or encouraged, any of the other individuals' purported discriminatory conduct sufficient to plead an aiding and abetting claim. And, these individuals cannot be held liable for "aiding and abetting" based on their own actions because that would nonsensically deem them to be accessories to their own alleged conduct.  Indeed, courts in this District have recognized that such a claim is impermissible under both the NYCHRL and NYSHRL. *See Bliss v. MXK Rest. Corp.*, 220 F. Supp. 3d 419, 426 (S.D.N.Y. 2016) (citation omitted) ("'[A]n individual cannot aid

---

[15] Johnson submits conclusory allegations, with no factual support whatsoever, that Defendants Mrs. Yorio, Mrs. Schwartz, and Mr. Kerr were "employers" or "covered employers" "under all applicable statutes." (See doc. 68 at ¶¶ 24–26). These assertions are legally insufficient to establish liability under an "employer" theory.

or abet his or her own violation of the Human Rights Law.'"); *see also Strauss v. N.Y. State Dep't of Educ.*, 26 A.D.3d 67, 73 (3d Dep't 2005) ("[W]e hold that individuals cannot be held liable under Executive Law § 296(6) for aiding and abetting their own violations of the Human Rights Law.").

Johnson does not assert that Ms. Schwartz or Mr. Kerr participated in or encouraged Ms. Yorio to engage in any of the conduct Johnson alleges to be discriminatory. And, each and every other claim directly involves Mr. Kerr, Ms. Schwartz, or Mrs. Yorio (thus there can be no aiding and abetting), or should be dismissed (thus, in addition to Mr. Kerr and Ms. Schwartz, any aiding and abetting claim against Mrs. Yorio is legally insufficient). Finally, Everyrealm cannot have aided and abetted any harassment or discrimination because each and every such assertion is cast against Everyrealm – and it cannot have aided and abetted itself.

For these reasons, the Court should dismiss Johnson's aiding and abetting claims.

## VI.    Johnson Fails to Plausibly Allege Individual Liability Against Ms. Schwartz or Mr. Kerr, and as to the Seventh Cause of Action, Mrs. Yorio Too.

Assuming *arguendo* that the applicable claims survive this Motion *in toto*, Johnson's claims for individual liability against Ms. Schwartz and Mr. Kerr fail. Johnson specifically asserted the following causes of action individually against Ms. Schwartz and Mr. Kerr:

| Only Ms. Schwartz | 1. Section 1981 |
|---|---|
| Ms. Schwartz and Mr. Kerr | 1. New York Equal Pay Law<br>2. Sexual Harassment, Hostile Work Environment and Discrimination in Violation of the NYSHRL and NYCHRL<br>3. Aiding and Abetting/Inciting/Compelling/Coercing in Violation of the NYSHRL and NYCHRL<br>4. Whistleblower Retaliation in Violation of NYLL § 740<br>5. Intentional Infliction of Emotional Distress[16] |

---

[16] As the Court has noted, Johnson asserted he was abandoning his claim for IIED against Mr. Kerr. (See docs. 39 at pp. 21–22 & 70 at n. 5).  However, his SAC asserts that cause of action against "All Defendants." (See doc. 68 at p. 38). And, in light of the fact that Johnson cannot even plausibly state a claim of discrimination against Ms. Schwartz, he thus cannot establish an IIED claim against her. See Section IV *supra*.

Each respective cause of action, and their legal shortfalls, are discussed below.

### a. Section 1981 against Ms. Schwartz

Plaintiff does not allege any, let alone sufficient, facts to establish individual liability against Ms. Schwartz under Section 1981. Indeed, Johnson only alleges that "upon information and belief, Defendant[] . . . Ms. Schwartz determined Mr. Johnson's discriminatory pay package." (See doc. 68 at ¶ 122). This lone assertion is insufficient to plausibly state a claim for individual liability against Ms. Schwartz.

"[I]n order to make out a claim for individual liability under § 1981, a plaintiff must demonstrate 'some affirmative link to causally connect the actor with the discriminatory action.'" *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000) (quoting *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 983 (10th Cir. 1991)). "A claim seeking personal liability under section 1981 must be predicated on the actor's personal involvement." *Id.* (citing *Hicks v. IBM*, 44 F. Supp. 2d 593, 597 (S.D.N.Y. 1999) ("In each of the cases that have allowed individual liability [under § 1981], the individuals have been supervisors who were personally involved in the discriminatory activity.")).

Johnson does not allege that Ms. Schwartz made any racially insensitive remarks whatsoever, nor does plaintiff allege that she supervised him in any way. Instead, he alleges merely upon "information and belief" that Ms. Schwartz determined his discriminatory pay package, which – without additional facts, is insufficient to plausibly state a claim for relief. *See Twombly*, 550 .U.S. at 551–53 (noting that allegations "upon information and belief" are insufficient to overcome a motion to dismiss where plaintiff does not support them with a statement of facts that creates a plausible inference of their truth); *see also Fleming v. N.Y.*, No. 18 Civ. 4866 (GBD), 2019 WL 4392522, at *8 (S.D.N.Y. Aug. 27, 2019).

Accordingly, in the event Johnson's Section 1981 claim is not dismissed in whole, it should be dismissed as to Ms. Schwartz.

**b.    New York Equal Pay Law, and Race and Color Discrimination, Including Any Claim of a Hostile Work Environment, Under the NYSHRL and NYCHRL Against Ms. Schwartz and Mr. Kerr**

While Plaintiff's second, third, and fourth causes of action are pleaded against "All Defendants," plaintiff has failed to include any allegations of racially offensive statements by Mr. Kerr or Ms. Schwartz. As against Mr. Kerr, there are no allegations of harassment or discrimination whatsoever pleaded in support of these claims. As against Ms. Schwartz, and discussed in section VI.a *supra*, the sole allegation is conclusory and devoid of factual support. (See doc. 68 at ¶ 122).  As such, Plaintiff does not state a plausible claim of race, color or ethnicity discrimination under any possible theory against either of these individual defendants.

**c.    Sexual Harassment and Gender Discrimination Under the NYSHRL and NYCHRL Against Ms. Schwartz and Mr. Kerr**

Plaintiff's third and fourth causes of action under the NYSHRL and NYCHRL are also asserted against "All Defendants" – yet there are scant applicable facts asserted against Mr. Kerr and Ms. Schwartz.

As against Ms. Schwartz, plaintiff alleges only that she "refused to acknowledge Mr. Johnson and instead gave him and his guest dirty looks." (See doc. 68 at ¶ 75). And, conclusorily, "[t]he day after the party, in Everyrealm's New York Office, Ms. Yorio and Ms. Schwartz began repeatedly making fun of Mr. Johnson's girlfriend in bullying and sexually harassing ways." (See doc. 68 at ¶ 78).[17]

---

[17] Assuming Johnson will allege that Ms. Schwartz, too, called his girlfriend "Dog in a Bag," any remarks about Johnson's purported girlfriend have nothing to do with his gender or sex, and most certainly do not constitute sexual harassment under city and state law.

As against Mr. Kerr, plaintiff alleges only that he "was caught off guard when Mr. Kerr referred to an Everyrealm investor as 'A Night in Paris,'" and that the comment was made multiple times. (See doc. 68 at ¶¶ 99 & 104). Assuming for the purposes of this Motion that Mr. Kerr made the comment alleged, it has nothing to do with Johnson's gender or sex, and otherwise constitutes a petty slight or minor annoyance – if that.

Simply put, there is not a single factual allegation that would connect the alleged comments by Ms. Schwartz or Mr. Kerr to Johnson's gender or sex sufficient to plead a sexual harassment or gender discrimination claim. Indeed, as described by Johnson, the comments were not about him, but about women. And, Johnson has made no claim that Ms. Schwartz or Mr. Kerr made the alleged comments to him because he is a man, or, as he now claims – because he is a black man. His claims against Mr. Kerr and Ms. Schwartz fail accordingly. *Llanos*, 129 A.D.3d at 620 ("plaintiff's failure to adequately plead discriminatory animus is fatal to her claim of hostile work environment"). Moreover, any number of Courts have dismissed harassment claims presenting allegations far more serious than those present here. *Kim v. Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 A.D.3d 18, 23 (1st Dep't 2014) (granting MTD, or in the alternative motion for SJ under NYCHRL where plaintiff claimed HWE where partner at law firm made inappropriate comments regarding her expression of breast milk, including that "women who breast feed were cows," holding that "a reasonable person would consider the complained-of conduct nothing more than petty slights and trivial inconveniences."); *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 404 (S.D.N.Y. 2012) (MTD granted under NYCHRL where employee alleged supervisor "would come around [his] cube on occasions & place her vagina literally on [his] left shoulder or inches from [his] face," construing this as an allegation that

supervisor "stood too close" which "plainly does not violate even [l]ower threshold of NYCHRL"). (*See* collection of cases in doc. 34 at pp. 16–18).

Thus plaintiff's claims for individual liability against Mr. Kerr and Ms. Schwartz should be dismissed.

### d.    NYLL § 740 Claims Against Mr. Kerr, Mrs. Yorio and Ms. Schwartz

The Court should dismiss Johnson's New York whistleblower claims against all individual defendants.[18] Mrs. Yorio, Mr. Kerr, and Ms. Schwartz do not constitute an "Employer" as defined by NYLL § 740(b), and the Court should therefore dismiss Count Seven against them.[19]  Indeed, the statute only prohibits "[r]etaliatory action by employers," and defines an "Employer" as "any person, firm, partnership, institution, corporation, or association that employs one or more employees." *Id.*[20] However, other than Johnson's conclusory allegations (See doc. 68 at ¶¶ 24–26) there is not a single factual allegation asserting that any of these individuals employed Johnson, and Johnson's Seventh Cause of Action against the individual defendants fails.

### <u>CONCLUSION</u>

In light of the foregoing, the Court should dismiss Johnson's claims under Section 1981; the New York Equal Pay Law; Race and Color Discrimination under the NYSHRL and NYCHRL; Title VII; IIED; Aiding and Abetting under the NYSHRL and NYCHRL; and

---

[18] While the SAC contains nothing remotely approaching an alleged violation of any "law, rule, or regulation," the Everyrealm Defendants will address that failing in a future motion.

[19] As NYLL § 740 provides separate definitions for "Supervisor" and "Employer," a person who merely meets the definition of the former is by no means necessarily latter.  See NYLL § 740(f).

[20] Everyrealm expressly reserves its right to pursue the reasonable attorneys' fees, court costs, and disbursements should the Court determine that Johnson's NYLL § 740 action is without basis in law or fact. See NYLL § 740(6).

individual liability against Ms. Schwartz and Mr. Kerr, and as to the Seventh Cause of Action,

Mrs. Yorio too.


Dated: New York, New York
        March 10, 2023


                              PROSKAUER ROSE LLP


                    By:     */s/ Lloyd B. Chinn*

                          Lloyd B. Chinn, Esq.
                          Eleven Times Square
                          New York, New York 10036-8299
                          Ph. (212) 969-3000
                          Fax (212) 969-2900
                          lchinn@proskauer.com
                          *Attorney for Everyrealm Inc.*
                          *(f/k/a Republic Realm Inc.),*
                          *Julia Schwartz, William Kerr, and Janine Yorio*