Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

June 7, 2023

**By eFile**

Lloyd B. Chinn
Member of the Firm
d +1.212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
Thurgood Marshall
40 Foley Square
New York, NY 10007

Re:   *Teyo Johnson v. Everyrealm et al.*, Case No. 1:22-cv-06669(PAE)(GWG)
       Defendants' Response to Plaintiff's June 2, 2023 Letter

Dear Judge Engelmayer:

On Friday evening of June 2, 2023, Mr. Seppinni, counsel for Plaintiff Teyo Johnson, filed a letter (ECF no. 87) advising the Court that Mr. Johnson wishes to withdraw or correct five separate paragraphs of his Third Amended Complaint (ECF no. 78).

In response, the Everyrealm Defendants submit this letter (i) requesting that the Court permit this short supplementation of their pending motion to dismiss, *i.e.*, any pending pay disparity claim arising from, premised on or in any way relating to the former assertions of alleged non-payment of equity and (ii) to provide the Court with some further context for the sudden retraction by Mr. Johnson on Friday evening.

As noted in the June 2 letter from Mr. Seppinni, Mr. Johnson has withdrawn every factual allegation relating to the non-payment of equity to Mr. Johnson, as reflected in Paragraphs 115, 118, 120, 121 and 122 of Johnson's Third Amended Complaint.  In light of that, there is no longer any factual assertion present in the (now) Fourth Amended Complaint to support the legal claims advanced relating to unequal treatment as to equity compensation in Paragraphs 183 and 184.  And we respectfully submit that any such claim should now be dismissed by the Court with prejudice.

More broadly, with respect to the June 2 letter, Mr. Seppinni's withdrawal is based upon the supposedly "newly uncovered fact" that, contrary to his pleading where he alleges that he was not offered equity, Mr. Johnson was, in fact, granted stock options and had signed a form acknowledging receipt of them. Notably, Mr. Seppinni does not assert in his letter that Mr. Johnson was unaware of this fact or had simply forgotten it. Instead, Mr. Seppinni asserts that his own pre-filing investigation failed to "uncover" this information. Of course, this raises the question of whether Mr. Seppinni engaged in a "reasonable inquiry" before filing Johnson's fourth pleading with this Court, an issue we continue to have serious concerns about as set forth in our previously-filed motion for sanctions. (ECF no. 67). Nevertheless, despite now admitting to, at the very least, having undertaken a deficient investigation of his client's claims, Mr. Seppinni has continued embarking on a wide-ranging media campaign accusing Everyrealm and

**Proskauer»**

The Honorable Paul A. Engelmayer
June 7, 2023
Page 2

its CEO of racial discrimination. (Defendants continue to reserve all rights on this issue including the right to re-apply for sanctions in the future.)

But more important for the Court's immediate purposes, Mr. Seppinni's letter omits important context the Court should know about. Specifically, the newly-uncovered "proof" Mr. Seppinni refers to in his letter was provided to him by Janine Yorio in direct response to a video interview Mr. Johnson recorded and shared on Twitter last week in which Mr. Johnson looks into the camera and repeats the knowingly false statement that he was not offered equity at Everyrealm because of his race. On Friday June 2, in response to that video, Ms. Yorio's defamation counsel sent Mr. Seppinni a letter advising his client Mr. Johnson to retract the video and apologize for making false claims about Everyrealm and its CEO. As of this filing, Mr. Johnson's video interview remains on the internet and has not been retracted.

We believe the Court needs to understand the full context of Mr. Seppinni's letter for at least two reasons: first, Mr. Johnson's video is simply the latest example of a misguided and dangerous effort by Mr. Seppinni and his clients to litigate this case in the media, instead of in Your Honor's courtroom. Second, as the Court considers the sufficiency of Mr. Johnson's allegations in connection with Defendants' pending motion to dismiss (ECF no. 83), including the sufficiency of those allegations concerning Mr. Johnson's supposedly disparate pay, it is worth highlighting the fact that, with the June 2 letter, Mr. Johnson is now up to the fifth pleaded version of events in this case. Mr. Seppinni's candid retraction letter suggests that he may not have exercised the diligence required to afford his client's allegations a presumption of truth for purposes of deciding Defendants' motion to dismiss. And of course, all of this further underscores the overall flimsiness of Mr. Johnson's allegations, which, for the reasons set forth in our pending motion to dismiss, should not survive careful Rule 12 scrutiny.

In sum, the Everyrealm Defendants respectfully ask that the Court dismiss with prejudice any pending pay disparity claim arising from, premised on or in any way relating to the former assertions of alleged non-payment of equity. And more broadly, they ask the Court to consider the overall context in which this recent retraction has occurred as it addresses this matter going forward.

We thank the Court for its consideration of these matters.

Respectfully submitted

/s/ Lloyd B. Chinn
Lloyd B. Chinn, Esq.
Eleven Times Square
New York, New York 10036-8299
Ph. (212) 969-3000
Fax (212) 969-2900
lchinn@proskauer.com
*Attorney for Everyrealm Inc.*

**Proskauer**

The Honorable Paul A. Engelmayer
June 7, 2023
Page 3

*(f/k/a Republic Realm Inc.),
Julia Schwartz, Janine Yorio,
and William Kerr*